**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of Virginia
(State)

Case number (if known): _____    Chapter  11

☐ Check if this is an Amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy         04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**   Paper Source, Inc.

**2. All other names debtor used In the last 8 years**   Waste Not Paper

Include any assumed names, Trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**   3 6 - 3 2 3 8 0 3 5

**4. Debtor's address**

**Principal place of business**

125 South Clark St.
Number    Street

Chicago    IL    60603
City    State    ZIP Code

United States
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number    Street

City    State    ZIP Code

**5. Debtor's website** (URL)    https://www.papersource.com/

---

Official From 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

| Debtor | Paper Source, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other: Specify: |

| 7. | **Describe debtor's business** | A. | *Check one:* |
|---|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  4   5   3   2  

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11  *Check **all** that apply:*

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   Paper Source, Inc.                                              Case number (if known)
         Name

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**   ☒ No   ☐ Yes

   If more than 2 cases, attach a separate list.

   District _____   When _____   Case number _____
                                    MM / DD /YYYY

   District _____   When _____   Case number _____
                                    MM / DD /YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**   ☐ No   ☒ Yes

   List all cases. If more than 1, attach a separate list.

   Debtor   Pine Holdings, Inc.              Relationship   Affiliate
   District   Eastern District of Virginia   When   Date hereof
                                                    MM / DD /YYYY
   Case number, if known   _____

---

**11.** **Why is the case filed in *this district*?**

   *Check all that apply:*

   ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

   ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**   ☒ No   ☐ Yes

   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

   **Why does the property need immediate attention?** *(Check all that apply)*

   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____

   ☐ It needs to be physically secured or protected from the weather.

   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

   ☐ Other _____

   **Where is the property?**   _____
                                Number  Street
                                _____
                                City                          State   ZIP Code

   **Is the property insured?**
   ☐ No
   ☐ Yes   Insurance Agency _____
           Contact Name _____
           Phone _____

---

**Statistical and administrative information**

Debtor  Paper Source, Inc.                Case number (if known)
         Name

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49        ☒ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99       ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199     ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated assets***

☐ $0-$50,000            ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion
☐ $100,00-$500,000      ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☒ $100,000,001-$500 million ☐ More than $50 billion

**16. Estimated liabilities***

☐ $0-$50,000            ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million   ☐ $1,000,000,001-$10 billion
☐ $100,00-$500,000      ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million   ☒ $100,000,001-$500 million ☐ More than $50 billion

* Information based on financial statements as of January 2, 2021.

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Debtor's estimation of available funds**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   03/02/2021
              MM / DD / YYYY

× *Ron Kruczynski* (DocuSigned by: FA04758C45E24E2...)     Ronald Kruczynski
Signature of authorized representative of debtor           Printed name

Title  Chief Financial Officer

| Debtor | Paper Source, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**18. Signature of attorney** ✗ _/s/ signature_     Date 03/02/2021
                                                                                    MM / DD / YYYY

Christopher A. Jones
Printed name

WHITEFORD, TAYLOR & PRESTON L.L.P.
Firm name

Two James Center, 1021 E. Cary Street, Suite 1700
Number    Street

| Richmond | VA | 23219 |
|---|---|---|
| City | State | Zip Code |

| (804) 977-3300 | cajones@wtplaw.com |
|---|---|
| Contact phone | Email address |

| 40064 | Virginia |
|---|---|
| Bar number | State |

# SECRETARY'S CERTIFICATE OF RESOLUTIONS OF THE BOARD OF EACH ENTITY SET FORTH ON SCHEDULE I ATTACHED HERETO

## March 1, 2021

I, Ronald Kruczynski, the undersigned and appointed Secretary of Paper Source, Inc. and Pine Holdings, Inc. (each entity, a "**Company**" and together, the "**Companies**"), hereby certify that, on March 1, 2021, the following resolutions were duly adopted by the board of directors of each Company (each, a "**Board**"), and recorded in the minute books of each Company, and that they have not been amended, modified or rescinded and, accordingly, are in full force and effect as of the date hereof.

**WHEREAS**, Paper Source, Inc. is a direct and wholly-owned subsidiary of Pine Holdings, Inc.; and

**WHEREAS**, as a result of the financial condition of the Companies, the Companies engaged counsel and financial advisors to provide advice to the board of directors of each of the Companies regarding its obligations to its creditors, equity holders, employees and other interested parties; and

**WHEREAS**, each Board, after having reviewed and considered the options available to each Company, having consulted counsel and financial advisors, has determined that, in its judgment, it is advisable and in the best interests of each Company, its creditors, equity holders, employees and other interested parties that each Company voluntarily files a petition (a "**Petition**" and the cases commenced thereby, the "**Bankruptcy Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, the Companies intend to commence the Bankruptcy Cases in the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**").

**NOW THEREFORE**, it is hereby:

**RESOLVED**, that the filing by each Company of a Petition in the Bankruptcy Court, be, and hereby is, authorized, approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that each of the officers of each Company (each, an "**Authorized Officer**" and, together, the "**Authorized Officers**") be and they hereby are authorized, empowered and directed to execute and file, or cause to be filed, a Petition on behalf of each Company in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed, in the name and on behalf of each Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the relevant Petition or seek entry of "first day orders," and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the relevant

Petition or the Bankruptcy Cases, with a view to the successful prosecution of such cases; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ and retain, in the name and on behalf of each Company, the law firm of Willkie Farr & Gallagher LLP, located at 787 Seventh Avenue, New York, New York 10019, as bankruptcy counsel to render legal services to, and to represent, each Company in the Bankruptcy Cases and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ and retain, in the name and on behalf of each Company, M-III Advisory Partners, LP, located at 1700 Broadway, 19th Floor, New York, NY 10019, as restructuring advisor for each Company in connection with the Bankruptcy Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ and retain, in the name and on behalf of each Company, SSG Capital Advisors, LLC, located at 300 Barr Harbor, Suite 420, West Conshohocken, PA 19428 as investment banker for each Company in connection with the Bankruptcy Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ and retain, in the name and on behalf of each Company, A&G Real Estate Partners, located at 445 Broadhollow Road, Suite 410, Melville, NY 11747 as real estate advisor for each Company in connection with the Bankruptcy Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ and retain, in the name and on behalf of each Company, the law firm of Whiteford, Taylor & Preston L.L.P., located at Two James Center, 1021 E. Cary Street, Suite 1700, Richmond, VA 23219 as bankruptcy co-counsel to render legal services to, and to represent, each Company in the Bankruptcy Cases and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to employ and retain, in the name and on behalf of each Company, Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, 12th Floor, New York, NY 10017 as claims, noticing, and solicitation agent in the Bankruptcy Cases, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Officers be and they hereby are authorized, empowered and directed to retain on behalf of each Company such other professionals and advisors as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to each Company in connection with the Bankruptcy Cases and with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required; and it is further

**RESOLVED**, that (i) that certain Senior Secured Superpriority Debtor-in-Possession Credit Facility Term Sheet, by and among Paper Source, Inc., as borrower, Pine Holdings, Inc. as guarantor, MidCap Financial Trust, as administrative agent and collateral agent, and the Lenders named therein (the "**DIP Term Sheet**"), substantially consistent with the overview materials presented to the Board, with such changes therein and additions thereto as the Authorized Person(s) executing the same shall approve, the execution thereof by an Authorized Person to be deemed conclusive evidence of such approval, whereby the lenders party thereto agree to extend loans to the Companies, and (ii) the other Loan Documents (as hereinafter defined), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Person(s) in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Person executing the same, the execution thereof by such Authorized Person to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

**RESOLVED**, that the execution and delivery of the DIP Term Sheet and the other Loan Documents, and the performance by each Company of its obligations thereunder, including the granting, ratification or reaffirmation of any security interest, mortgage or lien, or the provision of any guarantee, as applicable, in each case, as contemplated by or in connection with the DIP Term Sheet and the other Loan Documents, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

**RESOLVED**, that each of the Authorized Persons be and they hereby are authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of each Company, the DIP Term Sheet and various other documents, agreements, instruments, questionnaires, papers or writings, as such Authorized Person determines are necessary, convenient, advisable, appropriate or desirable to effect execution, delivery and performance of the DIP Term Sheet and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, the DIP documents, the DIP orders, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith (collectively, the "**Loan Documents**"), in each case, with such changes, additions, modifications, and terms as the Authorized Person(s) executing the Loan Documents shall approve, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is further

**RESOLVED**, that each of the Authorized Persons are hereby authorized, directed and empowered, for and on behalf of and in the name of each Company to assign, hypothecate, set over,

3

grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of each Company, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent as security for the obligations under the DIP Term Sheet and the other Loan Documents; and it is further

**RESOLVED**, that to the extent that the approval of either Company in its capacity as a stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner or member of any person is required for such Company or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the DIP Term Sheet or the other Loan Documents, such Company hereby consents thereto; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any Authorized Officer, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of each Company or any Board, in the name and on behalf of each Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

**RESOLVED,** that the execution of that certain Asset Purchase Agreement by and among Paper Source, Inc., as seller, Pine Holdings, Inc. as parent, and MidCap Funding Investment XI LLC, as Purchaser (the "**Stalking Horse APA**"), for the sale of substantially all of the Companies' assets, subject to higher or otherwise better offers, substantially consistent with the overview materials presented to the Board, with such changes therein and additions thereto as the Authorized Person(s) executing the same shall approve, by an Authorized Person shall be deemed conclusive evidence of such approval; and it is further

**RESOLVED**, that (a) subject to approval of the Bankruptcy Court, the Authorized Persons shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, each Company, as a debtor and debtor in possession, to take such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, and any and all other documents, including any amendments or other modifications to the foregoing, as any of the Authorized Persons may deem necessary or appropriate to facilitate the sale contemplated by the Stalking Horse APA or one or more alternative sale(s) or transaction(s) in respect of the Companies' assets that represent a higher or otherwise better transaction (such documents, the "**Sale Documents**"); (b) subject to approval of the Bankruptcy Court, any and all Sale Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any of the Authorized Persons are hereby approved; and (c) the actions of any Authorized Person taken pursuant to these joint resolutions, including the execution, acknowledgment, delivery, and verification of all agreements, certificates, instruments, and other documents, including any amendments or other modifications to the foregoing, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity and desirability thereof;

**RESOLVED**, that each of the Authorized Persons are hereby authorized, directed and empowered, for and on behalf of and in the name of each Company to: (a) authorize counsel to draft, file, and seek approval of bidding procedures (the "**Bidding Procedures**") pursuant to which the Companies shall seek higher or otherwise better offers for the sale of all or substantially of their assets; (b) execute, deliver, and file on behalf of the Companies such affidavits or declarations

4

as such Authorized Person, in his or her opinion, deems necessary or desirable in connection with obtaining approval of the Bidding Procedures; (c) take any and all such other actions as such Authorized Person, in his or her opinion, deems necessary or desirable in connection with obtaining approval of the Bidding Procedures and obtaining the highest or otherwise best offer for the Companies' assets; and be it further

**RESOLVED**, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, affidavits, agreements amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by each Company of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that the Secretary of each of the Companies is hereby authorized, empowered and directed to certify that the foregoing resolutions of the Board were duly consented to and adopted as of the date hereof.

(signature on following page)

5

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate as of the day and year first above written.

By: *Ron Kruczynski* (DocuSigned)
Name: Ron Kruczynski
Title: Secretary, Treasurer and Chief Financial Officer

[*Signature Page to Secretary's Certificate*]

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF
VIRGINIA RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC., *et al.*, | ) | Case No. 21-[_____] (     ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**CONSOLIDATED LIST OF CREDITORS
HOLDING THE 30 LARGEST UNSECURED CLAIMS**

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty (30) largest unsecured claims against Paper Source, Inc., and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"). This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31) or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation: (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[*List appears on next page*]

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:    Paper Source, Inc. | |
| United States Bankruptcy Court for the:    Eastern District of Virginia | ☐ Check if this is an amended filing |
| Case Number (If known): | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | FEDEX CORPORATION  942 SOUTH SHADY GROVE RD  MEMPHIS, TN  38120 | CONTACT: FREDERICK W SMITH, CHAIRMAN/CEO  PHONE: 901-818-7500  FAX: 877-229-4766  FWSMITH@FEDEX.COM | TRADE PAYABLE | | | | $2,198,666.00 |
| 2 | 83 SPRING STREET ASSOCIATES LLC  580 BROADWAY, SUITE 1107  NEW YORK, NY  10012 | CONTACT: EREZ ITZHAKI  EREZ@ITZHAKIACQ.COM | RENT | | | | $871,704.00 |
| 3 | HARTFORD REALTY CO. LLC  PO BOX 1809  ENGLEWOOD CLIFFS, NJ  07632 | PHONE: 201-871-9000  FAX: 201-871-9000  WOLCZO@AOL.COM | RENT | | | | $702,742.00 |
| 4 | 125 S. CLARK (CHICAGO) SPE LLC/CR - CHICAGO 125 SOUTH CLARK STREET LLC  C/O DLA PIPER LLP (US)  1251 AVENUE OF THE AMERICAS, 27TH FLOOR  NEW YORK, NY  10020 | ALEXA.STEINFATT@COMMERZREAL.COM;JACQUELINE.COMPTON@CBRE.COM | RENT | | | | $440,164.00 |
| 5 | APTOS, LLC  DEPT CH17281  PALATINE, IL  60055-7281 | CONTACT: PETE SINISGALLI, CEO  PHONE: 845-567-1234  COLLECTIONS@APTOS.COM | TRADE PAYABLE | | | | $425,495.00 |
| 6 | BEVILL, INC.  C/O IDS REAL ESTATE GROUP  P.O. BOX 511350  LOS ANGELES, CA  90051-7905 | PHONE: 213-396-9300  POHLMANN@IDSREALESTATE.COM | RENT | | | | $399,086.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    Page 1

Debtor: Paper Source, Inc.                                                                                                          Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | METROPOLITAN TRANSPORTATION AUTHORITY  MTA GCT - GENERAL POST OFFICE  PO BOX 29592  NEW YORK, NY  10087-9592 | PHONE: 212-878-7000  RYAN.KELLEHER@AM.JLL.COM | RENT | | | | $374,427.00 |
| 8 | FIFTY BROAD STREET, INC  C/O CUSHMAN & WAKEFIELD  50 BROAD STREET  NEW YORK, NY  10004 | JOSEPH.GLOVER@CUSHWAKE.COM | RENT | | | | $314,383.00 |
| 9 | RCPI LANDMARK PROPERTIES, L.L.C.  C/O TISHMAN SPEYER PROPERTIES, L.P.  45 ROCKEFELLER PLAZA  NEW YORK, NY  10111 | ABERSIN@TISHMANSPEYER.COM | RENT | | | | $296,340.00 |
| 10 | A/R RETAIL LLC  C/O RELATED URBAN MANAGEMENT COMPANY  60 COLUMBUS CIRCLE, 19TH FLOOR  NEW YORK, NY  10023 | PHONE: (212) 801-1000  MKEELER@RELATED.COM | RENT | | | | $291,413.00 |
| 11 | RIFLE PAPER COMPANY  PO BOX 161553  ALTAMONTE SPRINGS, FL  32716-1553 | CONTACT: ANNA BOND, CO-FOUNDER/CCO  PHONE: 407-622-7679  INFO@RIFLEPAPERCO.COM | TRADE PAYABLE | | | | $274,124.00 |
| 12 | LMS ASSOCIATES LLC  THE LEVY GROUP  1321 1/2 WISCONSIN AVENUE, NW  WASHINGTON, DC  20007 | RHLEVY@LEVYGROUP.COM | RENT | | | | $262,268.00 |
| 13 | AMCOR PACKAGING DISTRIBUTION/LANDSBERG  25794 NETWORK PL  CHICAGO, IL  60673-1257 | PHONE: 480-333-6660  FAX: 630-629-9770  MICHAEL.FLOOD@LANDBERG.COM | TRADE PAYABLE | | | | $237,748.00 |
| 14 | BARNAN ASSOCIATES, LLC  C/O THE OLNICK ORGANIZATION, INC  135 EAST 57TH STREET, 22ND FLOOR  NEW YORK, NY  10022 | PHONE: (212) 835-2445  SSCHOCHET@OLNICK.COM | RENT | | | | $233,060.00 |
| 15 | ACTIVE GRAPHICS  5500 WEST 31ST STREET  CICERO, IL  60804 | CONTACT: GEORGE HAYES, CEO  PHONE: 708-656-8900  FAX: 708-656-2176  INFO@ACTIVE-US.COM | TRADE PAYABLE | | | | $230,552.00 |
| 16 | FACEBOOK INC  1 HACKER WAY  MENLO PARK, CA  94025 | CONTACT: MARK ZUCKERBERG, FOUNDER/CHAIRMAN/CEO  PHONE: 650-853-1300  ZUCK@FB.COM | TRADE PAYABLE | | | | $228,264.00 |
| 17 | ACCURATE PERSONNEL LLC  33 SOUTH ROSELLE ROAD  SCHAUMBURG, LL  60193 | CONTACT: ROBERT MIGLIORE, CEO  PHONE: 847-310-9100  FAX: 847-310-9284  INFO@ACCURATEUSA.COM | TRADE PAYABLE | | | | $223,017.00 |

Debtor: Paper Source, Inc.                                                                                           Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | CHRONICLE BOOKS DEPARTMENT 44493 P.O. BOX 44000 SAN FRANCISCO, CA  94144 | PHONE: 800-759-0190 HELLO@CHRONICLEBOOKS.COM | TRADE PAYABLE | | | | $214,942.00 |
| 19 | FOURTH QUARTER PROPERTIES XXX, LLC/T-C FORUM AT CARLSBAD LLC C/O TIAA-CREF ATTN: GLOBAL REAL ESTATE ASSET MANAGEMENT 730 3RD AVENUE, 14TH FLOOR NEW YORK, NY  10017 | JOHN.STEVENS@AM.JLL.COM | RENT | | | | $213,554.00 |
| 20 | FULFILLMENT AMERICA INC 17 PROGRESS ROAD BILLERICA, MA  01821 | CONTACT: JOHN BARRY SR, PRESIDENT/CEO/DIR PHONE: 978-988-7576 FAX: 978-988-7574 SHALL@FULFILLMENTAMERICA.COM | TRADE PAYABLE | | | | $208,874.00 |
| 21 | REISCHLING PRESS INC 3325 S 116TH ST SUITE 161 TUKWILA, WA  98168 | PHONE: 206-905-5999 GREG.BODHAINE@RPIPRINT.COM | TRADE PAYABLE | | | | $205,342.00 |
| 22 | OLYMPIC FUNDING, LLC C/O UNITED AMERICAN LAND LLC 73 SPRING STREET 6TH FL NEW YORK, NY  10012 | SHARON@UALNY.COM | RENT | | | | $195,065.00 |
| 23 | WS/CIP II TAMPA OWNER LLC C/O WS ASSET MANAGEMENT, INC. 33 BOYLSTON STREET, SUITE 3000 CHESTNUT HILL, MA  04267 | PHONE: 617-232-8900 JACKIE.BURRIDGECENTAMORE@WSDEVELOPMENT.COM | RENT | | | | $162,465.00 |
| 24 | UNION STATION VENTURE LTD PO BOX 76111 BALTIMORE, MD  21275-6111 | PHONE: (202) 289-1908 ZHAMMER@AACREALTY.COM | RENT | | | | $161,933.00 |
| 25 | MARKET STREET RETAIL SOUTH, LLC S.R. WEINER & ASSOCIATES, INC. 1330 BOYLSTON STREET SUITE 212 CHESTNUT HILL, MA  02467 | PHONE: 617-232-8900 STEWART.RAPPAPORT@WSDEVELOPMENT.COM | RENT | | | | $154,299.00 |
| 26 | LEGACY PLACE PROPERTIES LLC C/O WS ASSET MANAGEMENT, INC. 33 BOYLSTON STREET, SUITE 3000 CHESTNUT HILL, MA  04267 | PHONE: 617-232-8900 MICAH.NORTON@WSDEVELOPMENT.COM | RENT | | | | $154,245.00 |
| 27 | GIBSON, DUNN & CRUTCHER, LLP PO BOX 840723 LOS ANGELES, CA  90084-0723 | PHONE: 213-229-7333 CBILLING@GIBSONDUNN.COM | LEGAL FEES | | | | $150,450.00 |
| 28 | CHS COMMERCIAL OWNER LLC/CHESTNUT HILL SQUARE LLC C/O NEW ENGLAND DEVELOPMENT ONE WELLS AVENUE NEWTON, MA  02459 | PHONE: 617-965-8700 AKAPLAN@NEDEVELOPMENT.COM | RENT | | | | $148,203.00 |
| 29 | GILMORE LAND CO, LLC 6301 W. 3RD STREET LOS ANGELES, CA  90036-3154 | PHONE: 323-939-1191 EMAURITSON@AFGILMORE.COM | RENT | | | | $148,032.00 |

Debtor: Paper Source, Inc.      Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 SGRC 77 LLC<br>A NEW YORK LIMITED LIABILITY COMPANY HAVING AN OFFICE C/O BETTINA EQUITIES MANAGEMENT LLC,<br>230 EAST 85TH STREET<br>NEW YORK, NY  10028-3099 | PHONE: 212-772-8830<br>BCAIOLA@BETTINAEQUITIES.COM | RENT | | | | $146,181.00 |

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF
VIRGINIA RICHMOND DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC., *et al.*, | ) | Case No. 21-[_____] (    ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**LIST OF EQUITY HOLDERS AND CORPORATE OWNERSHIP
STATEMENT OF PAPER SOURCE, INC. PURSUANT TO
<u>BANKRUPTCY RULES 1007(a)(3) AND 7007.1</u>**

As of the Petition Date, Pine Holdings, Inc. owns one hundred percent (100%) of Paper Source, Inc.'s equity interests.

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name  Paper Source, Inc.

United States Bankruptcy Court for the ___Eastern_____ District of _Virginia_
(State)

Case number (*If known*): _____

# Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**    **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule* _____

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒    Other document that requires a declaration *List of Equity Holders and Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(3) and 7007.1*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/02/2021    X  *Ron Kruczynski*
MM / DD / YYYY    Signature of individual signing on behalf of debtor

Ronald Kruczynski
Printed name

Chief Financial Officer
Position or relationship to debtor