John C. Longmire (*pro hac vice* admission pending)          Christopher A. Jones (VSB# 40064)
Matthew A. Feldman (*pro hac vice* admission pending)     David W. Gaffey (VSB# 85088)
James H. Burbage (*pro hac vice* admission pending)        Jae Won Ha (VSB# 94781)
**WILLKIE FARR & GALLAGHER LLP**                                    **WHITEFORD TAYLOR & PRESTON LLP**
787 Seventh Avenue                                                              Two James Center
New York, NY 10019                                                            1021 E. Cary Street, Suite 1700
                                                                                        Richmond, VA 23219
Telephone:        (212) 728-8000                                        Telephone:        (804) 977-3300
Facsimile:        (212) 728-8111                                          Facsimile:        (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC., | ) | Case No. 21-30660 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Tax I.D. No. 36-3238035 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PINE HOLDINGS, INC., | ) | Case No. 21-30661 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Tax I.D. No. 38-3914460 | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (A) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

The debtors and debtors in possession in the above-captioned cases (together, the "Debtors") move (this "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 1015-1 and 9013-1 of the Local Rules of the United States

Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief.   In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Ronald Kruczynski, Chief Financial Officer of Paper Source, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[1] which was filed with the Court concurrently herewith, and respectfully represent as follows:

## Background

1.      The Debtors operate a leading lifestyle brand and retailer of premium paper products, crafting supplies and related gifts, including custom invitations, greeting cards and personalized stationery and stamps.  Through their 158 domestic stores and e-commerce website, the Debtors are an omnichannel provider of fine and artisanal papers, wedding paper goods, books and gift wrap.  The Debtors also provide wedding consultation, crafting supplies and instructions, and subscription services.  The Debtors' administrative headquarters is in Chicago, Illinois.

2.      The Debtors commenced these cases on the date hereof (the "Petition Date") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in order to facilitate a timely and efficient sale process for all or substantially all of their business.  As set forth in the First Day Declaration, the Debtors believe the sale process will maximize the value of the Debtors' estates for the benefit of all stakeholders.

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule

---

[1]      Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Day Declaration.

1015(b).  As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

## Jurisdiction and Venue

4.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue of the cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.      The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Bankruptcy Rules 1015-1 and 9013-1.

## Relief Requested

8.      By this Motion, the Debtors seek entry of the Proposed Order, pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rules 1015-1 and 9013-1, directing the procedural consolidation and joint administration of these chapter 11 cases and granting related relief.

9.      The Debtors request that the Office of the Clerk of the Court (the "Clerk of the Court") keep one consolidated docket, one file, and one consolidated service list for all of the Debtors' chapter 11 cases under the case number assigned to Paper Source, Inc. (the wholly owned

subsidiary of Pine Holdings, Inc.) and that the chapter 11 cases be administered under a

consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC*., et al.*,[1] | ) | Case No, 21-30660 (___) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035).  The Debtors' service address is 125 South Clark St., Chicago, IL 60603.

10.    The Debtors further request that the Court waive the requirement of section

342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors'

full tax identification numbers in the captions for the Debtors' filings with the Court and notices

sent to creditors.

11.    The Debtors also request that a docket entry, substantially similar to the following,

be entered on the docket of Pine Holdings, Inc. to reflect the joint administration of these chapter

11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Pine Holdings, Inc., Case No. 21-30661; and Paper Source, Inc., Case No. 21-30660.  The docket in Case No. 21-30660 should be consulted for all matters affecting this case.

12.    Finally, the Debtors seek authority to file the monthly operating reports required by

the *Office of the United States Trustee Eastern District of Virginia Richmond Division Chapter 11*

*Guidelines*, issued by the Office of the United States Trustee for the Eastern District of Virginia

(the "U.S. Trustee"), on a consolidated basis, but the Debtors shall track and break out

disbursements on a debtor-by-debtor basis in each monthly operating report.

### Basis for Relief

13.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more

petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The two Debtor entities

that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the

Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court

to grant the relief requested herein.

14.    Further, Local Bankruptcy Rule 1015-1 provides additional authority for the Court

to order joint administration of these chapter 11 cases:

> In all joint petitions filed with the Court, the case will be
> administered through joint administration of the estates unless the
> trustee or other interested party files an objection to joint
> administration within 14 days after the meeting of creditors and
> gives notice of a hearing date on such objection.

Local Bankr. R. 1015-1.

15.    Joint administration of these chapter 11 cases will provide significant

administrative convenience both to the Debtors and to this Court.  Many of the motions, hearings,

and orders in these chapter 11 cases will affect every Debtor entity, and jointly administering these

chapter 11 cases will avoid unnecessary expenses by eliminating the need for duplicative filings,

objections, notices, and hearings.  Additionally, joint administration will reduce the administrative

burdens imposed on the Court, as the Clerk of the Court will be permitted to utilize a single docket

for the chapter 11 cases and to combine notices to creditors and other parties in interest in the

Debtors' respective cases. Jointly administering the cases will also enable the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

16.     Moreover, joint administration will not prejudice the Debtors' respective constituencies because the relief sought herein is only administrative and will not affect the substantive rights of any party in interest. Each creditor will retain its ability to file its claim against a particular estate.

17.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g., In re Guitar Center, Inc.*, No. 20-34656 (KRH) (Bankr. E.D. Va. Nov. 23, 2020) (directing joint administration of chapter 11 cases); *In re Le Tote, Inc.*, No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 3, 2020) (same); *In re Ascena Retail Grp., Inc.*, No. 20-33113 (KRH) (Bankr. E.D. Va. July 23, 2020) (same); *In re Chinos Holdings, Inc.*, No. 20-32181 (KLP) (Bankr. E.D. Va. May 5, 2020) (same); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Feb. 18, 2020) (same); *In re Gemstone Solutions Group, Inc.*, No. 19-30258 (KLP) (Bankr. E.D. Va. Jan. 17, 2019) (same); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 19, 2017) (same); *In re The Gymboree Corp.*, No. 17-32986 (KLP) (Bankr. E.D. Va. June 2, 2017) (same); *In re Penn Va. Corp.*, No. 16-32395 (KLP) (Bankr. E.D. Va. May 13, 2016) (same); *In re Alpha Nat. Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015) (same).[2]

18.     Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

creditors.  This information is available on all of the Debtors' chapter 11 petitions.  Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

19.    Accordingly, the Debtors submit that the relief requested herein is in the best interests of their estates, their creditors, and all other parties in interest, and therefore should be granted.

### Waiver of Memorandum of Points and Authorities

20.    The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### Notice

21.    The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to: (a) the United States Trustee for the Eastern District of Virginia; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition first and second lien secured term loans and counsel thereto; (d) MidCap Financial Trust and counsel thereto; (e) Victory Park Management, LLC and counsel thereto; (f) the United States Attorney's Office for the Eastern District of Virginia; (g) the Internal Revenue Service; (h) the Office of the Attorney General for the states in which the Debtors operate; (i) the National Association of Attorneys General; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

22.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the

relief requested herein and such other relief as the Court may deem appropriate under the

circumstances.

Richmond, Virginia
Dated: March 2, 2021

/s/ Christopher A. Jones

| | |
|---|---|
| Christopher A. Jones (VSB# 40064) | John C. Longmire (*pro hac vice* admission pending) |
| David W. Gaffey (VSB# 85088) | Matthew A. Feldman (*pro hac vice* admission pending) |
| Jae Won Ha (VSB# 94781) | James H. Burbage (*pro hac vice* admission pending) |
| **WHITEFORD TAYLOR & PRESTON LLP** | **WILLKIE FARR & GALLAGHER LLP** |
| Two James Center | 787 Seventh Avenue |
| 1021 E. Cary Street, Suite 1700 | New York, NY 10019 |
| Richmond, VA 23219 | |
| Telephone:       (804) 977-3300 | Telephone:       (212) 728-8000 |
| Facsimile:       (804) 977-3299 | Facsimile:       (212) 728-8111 |
| | |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

## Exhibit A

**Proposed Order**

John C. Longmire (*pro hac vice* admission pending)
Matthew A. Feldman (*pro hac vice* admission pending)
James H. Burbage (*pro hac vice* admission pending)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019

Telephone:        (212) 728-8000
Facsimile:        (212) 728-8111

Christopher A. Jones (VSB# 40064)
David W. Gaffey (VSB# 85088)
Jae Won Ha (VSB# 94781)
**WHITEFORD TAYLOR & PRESTON LLP**
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, VA 23219
Telephone:        (804) 977-3300
Facsimile:        (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC., | ) | Case No. 21-30660 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Tax I.D. No. 36-3238035 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PINE HOLDINGS, INC., | ) | Case No. 21-30661 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Tax I.D. No. 38-3914460 | ) | |

## ORDER (A) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the debtors and debtors in possession in the above-

captioned cases (together, the "Debtors") for entry of an order, pursuant to section 105(a) of the

Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Bankruptcy Rules 1015-1 and 9013-1, (a)

directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only;

---

[1]        Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Standing Order of Reference from the United States District Court for the Eastern

District of Virginia*, dated July 10, 1984; and the requested relief being a core proceeding pursuant

to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due

and proper notice of the Motion having been given and the requirements of Bankruptcy Rule

6004(a) and the Local Bankruptcy Rules having been satisfied by such notice; and no other or

further notice of the Motion being required; and a hearing having been held to consider the relief

requested in the Motion (the "Hearing"); and upon the record of the Hearing; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted, as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes

only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015

and Local Bankruptcy Rules 1015-1 and 9013-1 by the Court under Case No. 21-30660 (___).

3.      All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption

in the following form:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PAPER SOURCE, INC., *et al.*,[1] | ) | Case No. 21-30660 (___) |
|  | ) |  |
| Debtors | ) | (Jointly Administered) |
|  | ) |  |

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035).  The Debtors' service address is 125 South Clark St., Chicago, IL 60603

4.    The foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

5.    The Clerk of the Court shall make a docket entry, substantially similar to the following, on the docket of Pine Holdings, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia directing joint administration for procedural purposes only of the chapter 11 cases of: Pine Holdings, Inc., Case No. 21-30661; and Paper Source, Inc., Case No. 21-30660 The docket in Case No. 21-30660 should be consulted for all matters affecting this case.

6.    The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

7.    The Debtors are authorized to file the monthly operating reports required by the *Office of the United States Trustee Eastern District of Virginia Richmond Division Chapter 11 Guidelines*, issued by the Office of the United States Trustee for the Eastern District of Virginia,

on a consolidated basis, but the Debtors shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases, the Debtors, or the Debtors' estates, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated:_____          _____
Richmond, Virginia                                United States Bankruptcy Judge

WE ASK FOR THIS:

*/s/ Christopher A. Jones*
  Christopher A. Jones (VSB# 40064)
  David W. Gaffey (VSB# 85088)
  Jae Won Ha (VSB# 94781)
  **WHITEFORD TAYLOR & PRESTON LLP**
  Two James Center
  1021 E. Cary Street, Suite 1700
  Richmond, VA 23219
  Telephone:      (804) 977-3300
  Facsimile:      (804) 977-3299

  - and –

  John C. Longmire (*pro hac vice* admission pending)
  Matthew A. Feldman (*pro hac vice* admission pending)
  James H. Burbage (*pro hac vice* admission pending)
  **WILLKIE FARR & GALLAGHER LLP**
  787 Seventh Avenue
  New York, NY 10019
  Telephone:      (212) 728-8000
  Facsimile:      (212) 728-8111

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Christopher A. Jones*