John C. Longmire (*pro hac vice* admission pending)      Christopher A. Jones (VSB# 40064)
Matthew A. Feldman (*pro hac vice* admission pending)    David W. Gaffey (VSB# 85088)
James H. Burbage (*pro hac vice* admission pending)      Jae Won Ha (VSB# 94781)
**WILLKIE FARR & GALLAGHER LLP**                         **WHITEFORD TAYLOR & PRESTON LLP**
787 Seventh Avenue                                       Two James Center
New York, NY 10019                                       1021 E. Cary Street, Suite 1700
                                                         Richmond, VA 23219
Telephone:      (212) 728-8000                           Telephone:      (804) 977-3300
Facsimile:      (212) 728-8111                           Facsimile:      (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PAPER SOURCE, INC., *et al.*,[1] | ) | Case No. 21-30660 |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DEBTORS' MOTION FOR
## ENTRY OF AN ORDER (A) AUTHORIZING (I)
## THE REJECTION OF CERTAIN UNEXPIRED LEASES, (II)
## THE ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE
## AS OF THE PETITION DATE, AND (B) GRANTING RELATED RELIEF

The debtors and debtors in possession in the above-captioned cases (together, the

"Debtors") move (this "Motion") for entry of an order (the "Proposed Order"), substantially in the

form attached hereto as **Exhibit A**, pursuant to sections 105(a), 365(a) and 554 of title 11 of the

United States Code (the "Bankruptcy Code"), rules 6006 and 6007 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 6007-1 of the Local Rules of the United

States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"):

(a) authorizing (i) the rejection of certain of the Debtors' unexpired leases of real property,

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035). The Debtors' service
address is 125 South Clark St., Chicago, IL 60603.

including any guaranties thereof and any amendments, modifications, or subleases thereto (each, a "Lease," and collectively, the "Leases"), a list of which is annexed **as Schedule 1** to **Exhibit A** attached hereto, (ii) the abandonment of certain of the Debtors' equipment, fixtures, furniture, or other personal property free and clear of all liens, claims, encumbrances, interests, and rights of third parties that may be located at the premises and not otherwise transitioned to another store location (collectively, the "Personal Property"), with both rejection of the Leases and the abandonment of Personal Property to be effective as of the Petition Date (as defined herein), and (b) granting related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Ronald Kruczynski, Chief Financial Officer of Paper Source, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] which was filed with the Court concurrently herewith, and respectfully represent as follows:

## Background

1.      The Debtors operate a leading lifestyle brand and retailer of premium paper products, crafting supplies and related gifts, including custom invitations, greeting cards and personalized stationery and stamps.  Through their 158 domestic stores and e-commerce website, the Debtors are an omnichannel provider of fine and artisanal papers, wedding paper goods, books and gift wrap.  The Debtors also provide wedding consultation, crafting supplies and instructions, and subscription services.  The Debtors' administrative headquarters is in Chicago, Illinois.

2.      The Debtors commenced these cases on the date hereof (the "Petition Date") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in order to facilitate a timely and efficient sale process for all or substantially all of their business.  As set forth in the

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Day Declaration.

First Day Declaration, the Debtors believe the sale process will maximize the value of the Debtors' estates for the benefit of all stakeholders.

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

## Jurisdiction and Venue

4.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue of the cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.      The predicates for the relief requested herein are sections 105(a), 365(a), and 554 of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Bankruptcy Rule 6007-1.

## Relief Requested

8.      The Debtors commenced these chapter 11 cases ("Chapter 11 Cases") to implement a comprehensive restructuring that will allow the Debtors to both conduct a robust postpetition

marketing process, and evaluate and rationalize the Debtors' real estate portfolio, including renegotiating lease terms to align the Debtors' rent expenditures with prevailing market rates. These goals do not exist in isolation, and are inherently intertwined. The success of the Debtors' postpetition sales and marketing process will be driven largely by the success of real estate rationalization efforts.

9.    In January 2020, and then again in March 2020, the Debtors engaged real estate advisor A&G Real Estate Partners ("A&G") to help undertake a comprehensive review of each of their retail locations, including the terms of each underlying Lease. As a result of this process, the Debtors determined that eleven of their brick-and-mortar retail stores do not have a place in the Debtors' go-forward business. The Debtors began shuttering those stores (each, a "Closed Store" and collectively, the "Closed Stores") prior to the Petition Date.

10.    As set forth in the First Day Declaration, the fixed liabilities associated with the Debtors' real estate portfolio is a significant contributing factor to the Debtors' ongoing financial hardship. With A&G, the Debtors have reviewed the economics of each store location extensively, and have determined, as a sound exercise of business judgment, that shuttering the Closed Stores and rejecting the associated Leases would be value maximizing. By this Motion, the Debtors seek to reject the Leases for such Closed Stores, effective as of the Petition Date.

11.    The Leases to be rejected provide no benefit to the Debtors' estates or their creditors. By rejecting the Leases, the Debtors believe that they will save approximately $114,526 per month in rent and associated costs. Absent rejection, the Debtors would be obligated to pay rent under the Leases even though they have ceased operations at, and are no longer in possession of, such store locations, which were money-losing operations in any event. As of the Petition Date, the Debtors have already vacated the Closed Stores. Moreover, in addition to their obligations to

pay rent under the Leases, the Debtors may be obligated to pay certain real property taxes, utilities, insurance, and other related charges associated with the Leases.  The Debtors have determined in their business judgment that such costs constitute a waste of estate assets.  Additionally, the Debtors have determined in their business judgment that the costs of the Leases exceed any marginal benefits that could potentially be achieved from assignments or subleases of the Leases.

12.    Accordingly, in an effort to reduce unnecessary postpetition rent and administrative costs, the Debtors have determined that it is in the best interests of their estates to reject the Leases set forth on **Schedule 1**, effective as of the Petition Date.

13.    Additionally, before the Debtors vacated the Closed Stores, the Debtors evaluated the remaining Personal Property located therein and determined that the only property being left behind was either: (a) Personal Property of inconsequential value, or (b) Personal Property for which the cost of removal and storage for future use, marketing, or sale exceeded its value to the Debtors' estates.

14.    Accordingly, to reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Personal Property free and clear of all liens, claims, encumbrances, interests, and rights of third parties as of the Petition Date is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## Basis for Relief

### I.    Rejection of the Leases Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgement.

15.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see In re Merry-Go-Round Enters., Inc.*, 400

F.3d 219, 225 (4th Cir. 2005) (acknowledging that executory contracts may be assumed or rejected

by a chapter 11 debtor pursuant to section 365 of the Bankruptcy Code).  "The purpose behind

allowing the assumption or rejection of executory contracts [or unexpired leases] is to permit the

trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and

abandon burdensome property.'"  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993)

(internal citation omitted); *see also In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999)

("[T]he authority to reject an executory contract is vital to the basic purpose of a Chapter 11

reorganization, because rejection can release the debtor's estate from burdensome obligations that

can impede a successful reorganization.") (quoting *NLRB v. Bildisco & Bildisco*, 465 U.S. 513,

528 (1984)); *In re Park*, 275 B.R. 253, 255 (Bankr. E.D. Va. 2002) ("Often, however, the

obligations due under the lease or contract will exceed its value to the bankruptcy estate.  In that

situation, the trustee may "reject"—that is, elect not to perform—the contract or lease.").

16.    The standard applied to determine whether to authorize the rejection of an

executory contract or unexpired lease is the "business judgment" standard.  *See Lubrizol Enters.,*

*Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046 (4th Cir. 1985), *superseded by statute*,

11 U.S.C. §365(n), *as recognized in Mission Product Holdings, Inc., v. Tempnology, LLC*, 139

S.Ct. 1652, 1664–65; *see also In re Old Carco LLC*, 470 B.R. 688, 703–04 (S.D.N.Y. 2012)

(business judgment standard "applies when a Bankruptcy Court approves a debtor's assumption

or rejection of a contract"); *In re Delta Airlines, Inc.*, 359 B.R. 468, 476 (Bankr. S.D.N.Y. 2006)

("By case law the standard for deciding a motion to reject an executory contract under Section

365(a) is the business judgment rule . . .").  The business judgment standard calls for a court to

approve a debtor's business decision unless that decision is the product of bad faith or gross abuse.

*See, e.g.*, *Quality Inns Int'l, Inc. v. L.B.H.  Assocs. Ltd. P'ship*, 911 F.2d 724 (4th Cir. 1990)

(acknowledging that courts will defer to corporate officers' business judgement absent a showing of bad faith or gross abuse of judgement).

17.     Therefore, courts generally will not second-guess a debtor's business judgment concerning assumption or rejection on an unexpired lease. *See In re MF Global Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012). Upon finding that a debtor has exercised its sound business judgment, courts regularly approve a request to reject under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *see also In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008) ("That the debtor's interests are paramount in the balance of control is underscored by the business judgment standard employed by courts in determining whether to permit the debtor to assume or reject the contract."); *In re Delta Airlines*, 359 B.R. at 476 (business judgment rule "basically means that if [rejection] makes sense for the debtor in the judgment of management, the motion to reject will be granted"). Rejection of an executory contract or an unexpired lease is appropriate where such rejection is beneficial to a debtor's estate. *See, e.g., In re Orion Pictures*, 4 F.3d at 1098–99.

18.     The Debtors submit that after evaluation and analysis, with the assistance of their advisors, they have determined that there is no net benefit that is likely to be realized by the Debtors' estates from any efforts to retain and market the Leases associated with the Closed Stores, and that there is little if any likelihood that the Debtors would be able to realize any value at all from the Leases. Thus, the Leases are not a part of the Debtors' go-forward business plan and are otherwise a burden to the Debtors' estates.

19.     The Debtors seek to reject the Leases to avoid additional, unnecessary expenses related to the Leases and the maintenance of the Closed Stores. The Debtors have concluded that

the cost of maintaining the Closed Stores outweighs any revenues that such stores or premises would have otherwise generated.  Absent rejection, the Debtors believe that the associated Leases will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the going concern value of their business.  Rejecting the Leases associated with the Closed Stores will preserve the Debtors' cash and increase the Debtors' liquidity.

20.    For all of the foregoing reasons, the Debtors have decided, in the exercise of their sound business judgment, to reject the Leases.  Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the Leases pursuant to section 365(a) of the Bankruptcy Code.

## II.    Rejection of the Leases as of the Petition Date Is Appropriate.

21.    Pursuant to section 365 of the Bankruptcy Code, the Debtors seek to effectuate rejection of the Leases as of the Petition Date, which may be before the date of an order approving rejection of the Leases has been entered by the Court.  Section 365 of the Bankruptcy Code does not explicitly address whether a court may order rejection to be applied retroactively.  Courts have held, however, that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See*, *e.g.*, *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 Civ. 64191 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *In re Jamesway Corp.*, 179 B.R. 33, 38 (S.D.N.Y. 1995) ("[T]he Bankruptcy Court can [] find that rejection is effective as of the day that it would have permitted rejection, absent a frivolous objection from the party that stands to gain from delay."); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("Moreover, the court's power to grant

retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes
the purposes of § 365(a).").

22.     In considering whether to approve retroactive rejection, courts examine a number
of factors, including whether retroactive rejection promotes the purposes of section 365(a) of the
Bankruptcy Code.  *See Id.* at 399.  A court may permit retroactive rejection to avoid unduly
exposing a debtor's estate to unwarranted postpetition administrative or other expenses. *See e.g.*
*Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC* (*In re CCI Wireless, LLC*), 297 B.R. 133, 140
(D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the
effective date of rejection at least as early as the filing date of the motion to reject").

23.     The Debtors' submit that the balance of the equities favors approval of retroactive
rejection of the Leases.  Prior to the Petition Date, the Debtors, with the assistance of A&G,
determined in their business judgment to initiate store closings in an attempt to preserve liquidity
and minimize the costs associated with these Chapter 11 Cases.  As a result of these prepetition
actions and notice of this Motion, the landlords of the Closed Stores (the "Landlords") are not
subject to any uncertainty regarding the Debtors' intent with respect to those Leases.  Moreover,
the landlords will not be unduly prejudiced if rejection is deemed effective as of the Petition Date
because they will have received notice of this Motion and had sufficient opportunity to act
accordingly.  Upon the Petition Date, the affected landlords will be relieved of their own
obligations under the Leases, allowing them to cease performance and immediately repossess their
property or enter into new leases.  Any postponement of the effective date of the lease rejections
would compel the Debtors to compensate the landlords, at the estates' expense, for a delay that the
Debtors made every effort to avoid, and force the Debtors to incur unnecessary administrative

expenses for Leases that provide no benefit to these estates.  Such an outcome would be inequitable to the Debtors' other stakeholders.

24.     If the relief requested is not granted, the Debtors and their creditors will be burdened with unnecessary expenses.  Moreover, the counterparties to the Leases will not be unduly prejudiced by retroactive rejection because: (a) the counterparties have sufficient notice of the Debtors' intent to close the applicable stores; and (b) the Debtors have vacated and returned the keys to all the counterparties.  Such relief is consistent with prior rulings in this and other jurisdictions.  *See, e.g., In re Ascena Retail Group, Inc.*, No. 20-33113 (KRH) (Bankr. E.D. Va. Aug. 27, 2020) (approving retroactive rejection of numerous unexpired leases); *In re Pier 1 Imports, Inc.,* No. 20-30805 (KRH) (Bankr. E.D. Va. Feb. 18, 2020) (approving retroactive rejection of numerous unexpired leases); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Oct. 25, 2017) (approving rejection of unexpired leases to the petition date); *In re Patriot Coal Corp.*, No. 15-32450 (KLP) (Bankr. E.D. Va. Sept. 1, 2015) (approving retroactive rejection of unexpired leases); *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019) (approving rejection of unexpired leases to the date of rejection); *In re Sears Holdings Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 16, 2018) (same).[3]

## III.    Abandonment of Any Personal Property is Authorized by Section 554(a) of the Bankruptcy Code.

25.     Section 554(a) of the Bankruptcy Code provides that a debtor in possession may abandon, subject to court approval, "property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); *see also In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989) ("It is well settled, however, that a trustee is not obligated

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

to accept onerous or unprofitable property surrendered as part of the estate, and may abandon property that is 'burdensome' or 'of inconsequential value and benefit' under § 554 of the Code.") (internal citations omitted).   The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare.  *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, (1986).  Neither of these limitations is relevant under the instant facts.

26.     The Debtors submit that any Personal Property left at any of the Closed Stores is of inconsequential value to the Debtors' estates, or the costs to the Debtors of retrieving, marketing, and reselling the Personal Property will exceed the recoveries, if any, that the Debtors and their estates could reasonably obtain in exchange for such property.  Accordingly, the Debtors have determined, in the exercise of their sound business judgment that abandonment of any Personal Property free and clear of all liens, claims, encumbrances, interests, and rights of third parties will be in the best interest of the Debtors and their estates.

**Notice**

27.     The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to: (a) the United States Trustee for the Eastern District of Virginia; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition first and second lien secured term loans and counsel thereto; (d) MidCap Financial Trust and counsel thereto; (e) Victory Park Management, LLC and counsel thereto; (f) the United States Attorney's Office for the Eastern District of Virginia; (g) the Internal Revenue Service; (h) the Office of the Attorney General for the states in which the Debtors operate; (i) the National Association of Attorneys General, (j) the Landlords set forth on **Schedule 1** to **Exhibit A** attached hereto; and (k) any party that has requested notice pursuant to Bankruptcy Rule

2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the

relief requested, no other or further notice need be given.

28.     No prior request for the relief sought in this Motion has been made to this or any

other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order

granting the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Richmond, Virginia
Dated: March 2, 2021

*/s/ Christopher A. Jones*

| | |
|---|---|
| Christopher A. Jones (VSB# 40064) | John C. Longmire (*pro hac vice* admission pending) |
| David W. Gaffey (VSB# 85088) | Matthew A. Feldman (pro hac vice admission pending) |
| Jae Won Ha (VSB# 94781) | James H. Burbage (*pro hac vice* admission pending) |
| **WHITEFORD TAYLOR & PRESTON LLP** | **WILLKIE FARR & GALLAGHER LLP** |
| Two James Center | 787 Seventh Avenue |
| 1021 E. Cary Street, Suite 1700 | New York, NY 10019 |
| Richmond, VA 23219 | |
| Telephone:        (804) 977-3300 | Telephone:        (212) 728-8000 |
| Facsimile:        (804) 977-3299 | Facsimile:        (212) 728-8111 |
| | |
| *Proposed Co-Counsel to the Debtors* | *Proposed Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

## **Exhibit A**

## **Proposed Order**

John C. Longmire (*pro hac vice* admission pending)         Christopher A. Jones (VSB# 40064)
Matthew A. Feldman (*pro hac vice* admission pending)      David W. Gaffey (VSB# 85088)
James H. Burbage (*pro hac vice* admission pending)         Jae Won Ha (VSB# 94781)
**WILLKIE FARR & GALLAGHER LLP**                            **WHITEFORD TAYLOR & PRESTON LLP**
787 Seventh Avenue                                         Two James Center
New York, NY 10019                                         1021 E. Cary Street, Suite 1700
                                                           Richmond, VA 23219
Telephone:      (212) 728-8000                             Telephone:      (804) 977-3300
Facsimile:      (212) 728-8111                             Facsimile:      (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PAPER SOURCE, INC., *et al.*,[1] | ) | Case No. 21-30660 |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## ORDER (A) AUTHORIZING (I) THE
## REJECTION OF CERTAIN UNEXPIRED LEASES, (II)
## THE ABANDONMENT OF ANY PERSONAL PROPERTY, EFFECTIVE
## AS OF THE PETITION DATE, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (together, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 365(a) and 554 of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Bankruptcy Rule 6007-1, (a) authorizing (i) the rejection of certain of the Debtors' Leases, including any guaranties thereof and any amendments, modifications, or subleases thereto, a list of which is annexed as **Schedule 1** attached hereto, (ii) the Debtors' to abandon certain Personal

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035).  The Debtors' service address is 125 South Clark St., Chicago, IL 60603.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Property free and clear of all liens, claims, encumbrances, interests, and rights of third parties that may be located at the premises and not otherwise transitioned to another store location, with both rejection of the Leases and the abandonment of Personal Property to be effective as of the Petition Date, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Motion having been given and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules having been satisfied by such notice; and no other or further notice of the Motion being required; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code, the Leases identified on **Schedule 1** attached hereto are hereby rejected, effective as of the Petition Date.

3.      The Debtors' shall serve notice of the Motion and this Order within two (2) business days on any Landlord who is counterparty to a Lease or Leases listed on **Schedule 1** attached hereto.

4.     The Debtors do not waive any claims that they may have against any counterparty to the Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Leases.

5.     Nothing herein shall prejudice any party's rights to assert that the Leases are not, in fact, unexpired leases within the meaning of section 365 of the Bankruptcy Code.

6.     The Debtors are authorized to abandon any Personal Property located at the Closed Stores free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

7.     Claims arising out of the rejection of any of the Leases set forth on **Schedule 1** attached hereto, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) 30 days after entry of this Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 11 Cases.

8.     Nothing herein shall prejudice the rights of the Debtors to argue that any of the Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

9.     Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

10.     Nothing contained in the Motion or this Order is intended, or should be construed, to create an administrative priority claim.

-3-

11.     The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____

Richmond, Virginia

_____

United States Bankruptcy Judge

-4-

WE ASK FOR THIS:

*/s/ Christopher A. Jones*
  Christopher A. Jones (VSB# 40064)
  David W. Gaffey (VSB# 85088)
  Jae Won Ha (VSB# 94781)
  **WHITEFORD TAYLOR & PRESTON LLP**
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, VA 23219
Telephone:    (804) 977-3300
Facsimile:    (804) 977-3299

- and –

John C. Longmire (*pro hac vice* admission pending)
Matthew A. Feldman (pro hac vice admission pending)
James H. Burbage (*pro hac vice* admission pending)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone:    (212) 728-8000
Facsimile:    (212) 728-8111

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Christopher A. Jones*

## Schedule 1

| Lease Counterparty | Debtor Counterparty | Store Number | Leased Location | Counterparty Address | Rejection Effective Date |
|---|---|---|---|---|---|
| Macerich Oaks, LP | Paper Source, Inc. | 1270 | The Oaks 522 W. Hillcrest Dr. Thousand Oaks, CA 91360 | Management Office 350 West Hillcrest Drive Thousand Oaks, CA 91360 Attn: Center Manager | 3/2/2021 |
| RAR2-Shops Around Lenox QRS LLC | Paper Source, Inc. | 1470 | 3400 Wooddale Dr. NE# 200 Atlanta, GA 30326 | c/o RREEF 3414 Peachtree Road NE, Suite 950 Atlanta, GA 30326 | 3/2/2021 |
| 83 Spring Street Associates LLC | Paper Source, Inc. | 1601 | 83 Spring St. New York, NY 10012 | 580 Broadway, Suite 1107 New York, NY 10012 | 3/2/2021 |
| 344 West 14th Street LLC | Paper Source, Inc. | 1616 | 344 W. 14th Street New York, NY 10014 | A. Ruth & Sons P.O. Box 563 Mamaroneck, NY 10543 | 3/2/2021 |
| The Retail Property Trust d/b/a The Shops at Nanuet | Paper Source, Inc. | 1621 | The Shops at Nanuet 9119 Fashion Dr. Nanuet, NY 10954-2700 | M.S. Management Associates, Inc. 225 West Washington Street Indianapolis, IN 46204 | 3/2/2021 |
| Sagemore Management Co., LLC | Paper Source, Inc. | 1627 | The Promenade at Sagemore 500 Rt. 73 S Space #D14 Marlton, NJ 08053 | 8000 Sagemore Drive, Suite 8201 Marlton, NJ 08053 | 3/2/2021 |
| Great Wash Park LLC | Paper Source, Inc. | 1629 | Tivoli Village at Queensbridge 410 South Rampart Blvd, Suite 130 Las Vegas, NV 89145 | 9525 Hillwood Drive, Suite 100 Las Vegas, NV 89134 Attn: Patrick Done | 3/2/2021 |
| Cityplace Retail, LLC | Paper Source, Inc. | 1631 | 700 S. Rosemary Ave Space #130 West Palm Beach, FL 33401 | c/o Related Urban Management Co. 60 Columbus Circle, 19th Floor New York, NY 10023 | 3/2/2021 |
| SRMF Town Square Owner LLC | Paper Source, Inc. | 1634 | 6543 Las Vegas Blvd Suite 135 Las Vegas, NV 89119 | c/o Fairbourne Properties, LLC 1 East Wacker Drive, Suite 2900 Chicago, IL 60601 Attn: George Manojlovic | 3/2/2021 |
| 11 Madison Avenue Owner LLC | Paper Source, Inc. | 1671 | 11 Madison Avenue New York, NY 10010 | c/o SL Green Realty Corp. 420 Lexington Avenue New York, NY 10170 | 3/2/2021 |
| WW Retail Owner, LLC | Paper Source, Inc. | N/A | 1701 14th Street, N.W. Washington D.C. 20009 | c/o Streetscape at 1701, LLC, Fivesquares Development 1 Thomas Circle, N.W., Suite 200 Washington, D.C. 20005 Attn: Chief Financial Officer | 3/2/2021 |