John C. Longmire (*pro hac vice* admission pending)     Christopher A. Jones (VSB# 40064)
Matthew A. Feldman (*pro hac vice* admission pending)   David W. Gaffey (VSB# 85088)
James H. Burbage (*pro hac vice* admission pending)     Jae Won Ha (VSB# 94781)
**WILLKIE FARR & GALLAGHER LLP**                        **WHITEFORD TAYLOR & PRESTON LLP**
787 Seventh Avenue                                      Two James Center
New York, NY 10019                                      1021 E. Cary Street, Suite 1700
                                                        Richmond, VA 23219
Telephone:        (212) 728-8000                        Telephone:        (804) 977-3300
Facsimile:        (212) 728-8111                         Facsimile:        (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PAPER SOURCE, INC., *et al.*,[1] | ) | Case No. 21-30660 |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

### DEBTORS' MOTION FOR
### ENTRY OF AN ORDER (A) ESTABLISHING
### PROCEDURES FOR THE REJECTION OF EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND THE ABANDONMENT
### OF RELATED PERSONAL PROPERTY, AND (B) GRANTING RELATED RELIEF

The debtors and debtors in possession in the above-captioned cases (together, the "Debtors") move (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 363, 365, and 554 of title 11 of the United States Code, (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"),

---

[1]     The Debtors in these chapter 11 cases, along with the last four of each Debtor's federal tax identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035).  The Debtors' service address is 125 South Clark St., Chicago, IL 60603.

(a) establishing procedures for the rejection of executory contracts and unexpired leases and the abandonment of related personal property; and (b) granting related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Ronald Kruczynski, Chief Financial Officer of Paper Source, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"),[2] which was filed with the Court concurrently herewith, and respectfully represent as follows:

<u>**Background**</u>

1.      The Debtors operate a leading lifestyle brand and retailer of premium paper products, crafting supplies and related gifts, including custom invitations, greeting cards and personalized stationery and stamps.  Through their 158 domestic stores and e-commerce website, the Debtors are an omnichannel provider of fine and artisanal papers, wedding paper goods, books and gift wrap.  The Debtors also provide wedding consultation, crafting supplies and instructions, and subscription services.  The Debtors' administrative headquarters is in Chicago, Illinois.

2.      The Debtors commenced these cases on the date hereof (the "<u>Petition Date</u>") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in order to facilitate a timely and efficient sale process for all or substantially all of their business.  As set forth in the First Day Declaration, the Debtors believe the sale process will maximize the value of the Debtors' estates for the benefit of all stakeholders.

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have requested procedural

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Day Declaration.

consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  As of the date hereof, no trustee, examiner, or official committee has been appointed in these chapter 11 cases.

## **Jurisdiction and Venue**

4.     The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984.  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.     Venue of the cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.     The predicates for the relief requested herein are sections 105(a), 363, 365, and 554 of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Bankruptcy Rule 9013-1.

## **Relief Requested**

8.     In the course of operating their retail business, the Debtors are party to over 200 contracts, which include agreements with vendors for the supply of goods and services and unexpired leases (collectively the "Contracts and Leases," and each individually a "Contract" or a "Lease"), of which 163 may be considered nonresidential real property leases.[3]

---

[3]     The Debtors are seeking approval to reject eleven (11) retail leases pursuant to the *Debtors' Motion for Entry of an Order (A) Authorizing (I) the Rejection of Certain Unexpired Leases, (II) the Abandonment of Any Personal Property, Effective as of the Petition Date, and (B) Granting Related Relief* (the "Lease Rejection

9.      The Debtors are currently evaluating all of their Contracts and Leases to determine which should be (a) rejected as unfavorable to the Debtors or (b) assumed or assumed and assigned. By this Motion, the Debtors seek to avoid the filing of separate motions to reject individual Contracts and Leases, which would cause substantial costs for, and administrative burdens on, both the Court and the Debtors' estates.  Thus, with respect to the Contracts and Leases, the Debtors hereby request approval of the following rejection procedures (the "Rejection Procedures"):

a.  **Notice of Rejection**.  The Debtors shall file with the Court a notice in the form attached hereto as **Exhibit B** (a "Rejection Notice") to reject any Contract or Lease pursuant to section 365 of the Bankruptcy Code.  Each Rejection Notice would set forth, among other things: (a) the Contracts and/or Leases to be rejected; (b) the names and addresses of the counterparties to such Contracts and Leases in alphabetical order; (c) the effective date of the rejection for each such Contract or Lease (the "Rejection Date"); (d) for any rejected Lease, the personal property to be abandoned, if any (the "Abandoned Property"); and (e) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  A Rejection Notice may list multiple Contracts or Leases, provided that the number of counterparties to Contracts or Leases listed on the Rejection Notice shall be limited to no more than 100.

b.  **Service of a Rejection Notice**.  The Debtors will effectuate service of the Rejection Notice: (a) by overnight delivery (and email, if known) service upon the Contract or Lease counterparties affected by the applicable Rejection Notice at the notice address provided in the applicable Contract or Lease (and their counsel, if known), and all known parties who may have any interest in any Abandoned Property, and (b) by first class mail, email, or fax upon: (i) the Office of the United States Trustee for the Eastern District of Virginia, Attn.: Kathryn Montgomery and Nicholas S. Herron; (ii) counsel for the DIP Agent; (iii) counsel for any statutory committee appointed in these chapter 11 cases; (iv) the National Association of Attorneys General; (v) the Internal Revenue Service; (vi) the Office of Attorney General for the states in which the Debtors operate, and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Rejection Notice Parties").

c.  **Objection Procedures**.  Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with the Court and actually received by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) days after the date the Debtors serve the applicable Rejection Notice (the

---

Motion").  The Rejection Procedures (defined herein) contemplated in this Motion, if approved, will not apply to the leases covered by the Lease Rejection Motion.

"Rejection Objection Deadline"): (a) proposed counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn.: John C. Longmire, Esq. and James H. Burbage, Esq.; (b) proposed co-counsel to the Debtors, Whiteford Taylor & Preston LLP, 1021 E. Cary Street, Suite 1700 Richmond, VA 23219, Attn.: Christopher A. Jones; (c) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219, Attn.: Kathryn Montgomery and Nicholas S. Herron; (d) counsel for the DIP Agent; and (e) counsel for any statutory committee appointed in these chapter 11 cases.

d.   **No Objection**.  If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract or Lease agree, without the need for any additional order of the Court.  The Rejection Date for a rejection of a Lease shall not occur until the later of (a) the Rejection Date set forth in the Rejection Notice and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (i) turning over keys, key codes, and security codes, if any, to the affected landlord, or (ii) notifying the affected landlord in writing that the keys, keys codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; provided, further, that the Rejection Date for a rejection of a Lease shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   **Unresolved Objections**.  If an objection to the rejection of any Contract or Lease listed in the applicable Rejection Notice is timely filed, and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than fourteen (14) days' notice to the applicable Contract or Lease counterparty or counterparties to consider the rejection of the Contract or Lease to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of (a) the applicable Rejection Date set forth in the Rejection Notice, (b) such other date as the Debtors and the counterparty or counterparties to such Contract or Lease agree, or (c) such other date as the Court may order.

f.   **No Application of Security Deposits**.  If the Debtors have deposited monies with a Contract or Lease counterparty as a security deposit or other arrangement, such Contract or Lease counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract or Lease otherwise agree.

g.   **Abandoned Property**.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Lease.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection

Date.  Following the applicable Rejection Date, landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.    **Proofs of Claim**.  Claims arising out of the rejection of any Contract or Lease, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) 30 days after the later of (i) the Rejection Objection Deadline, if no objection is filed and (ii) the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

<u>**Basis for Relief**</u>

I.    **The Court May Authorize the Rejection Procedures Pursuant to Sections 365(b) and 105(a) of the Bankruptcy Code.**

10.    The Debtors may reject a substantial number of Contracts and Leases prior to the consummation of any chapter 11 plan.  Establishing the Rejection Procedures early in these chapter 11 cases will streamline the administration of the Debtors' estates and enhance the efficiency of the chapter 11 process by eliminating substantial legal expenses and delays that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract and Lease that the Debtors seek to reject.  The Rejection Procedures are reasonable and fair to Contract and Lease counterparties because they afford all parties in interest the opportunity to be heard with respect to the rejection of the Contracts and Leases.

11.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  Courts routinely approve motions to reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgement.  *See In re Lawson*, 146 B.R. 663, 664–65 (Bankr. E.D. Va. 1992) *aff'd in part, rev'd in part*, 14 F.3d 595 (4th Cir. 1993) ("The Fourth Circuit has

adopted the 'business judgment' test as the appropriate standard in determining whether to permit

a debtor to reject an executory contract.") (internal citation omitted); *see also NLRB v. Bildisco &*

*Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to

authorize the rejection of an executory contract is that of "business judgment"); *Orion Pictures*

*Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993)

(stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession,

subject to the approval of the bankruptcy court, to go through the inventory of executory contracts

of the debtor and decide which ones it would be beneficial to adhere to and which ones it would

be beneficial to reject"); *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075

(3d Cir. 1992).

12.    Courts generally will not second-guess a debtor's business judgement concerning

the assumption or rejection of an executory contract or unexpired lease.  *See In re Lawson*, 146

B.R. at 665 ("A court will defer to a debtor's determination that rejection of a contract would be

advantageous unless that decision is clearly erroneous."); *see also In re Riodizio, Inc.*, 204 B.R.

417, 424 (Bankr. S.D.N.Y. 1997) (acknowledging that a court will ordinarily defer to the business

judgment of the debtor's management); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 120 (Bankr.

D. Del. 2001) ("A debtor's determination to reject an executory contract is governed by the

business judgment standard."); *In re Meehan*, 59 B.R. 380, 385 (E.D.N.Y. 1986) ("The business

judgment test is a flexible one…The primary issue under the business judgment test is whether

rejection of the contract would benefit general unsecured creditors."); *In re Helm*, 335 B.R. 528,

538 (Bankr. S.D.N.Y. 2006) (stating that to meet the business judgment test, the debtor in

possession must establish that rejection will benefit the estate).

13.      In their sound business judgment, the Debtors have determined that the rejection of

any Contracts or Leases in accordance with the Rejection Procedures proposed herein is and will

be in the best interests of the Debtors' estates.  Any such decision will be made in connection with

the marketing of the Debtors' assets and based on the Debtors' operational needs.  Further, the

Rejection Procedures will avoid substantial legal expenses and the unnecessary use of the Court's

and other parties' time that would result if a motion were filed and a hearing held for every Contract

or Lease that the Debtors decided to reject.  The Debtors submit that the information provided on

the Rejection Notices will provide the Court and parties in interest with sufficient information to

establish that the Debtors are entitled to make such a rejection in their sound business judgment.

14.      Finally, the Court may also authorize the Rejection Procedures pursuant to section

105(a) of the Bankruptcy Code.  Section 105(a) codifies a bankruptcy court's inherent equitable

powers, and allows the Court to "issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Debtors submit that

authority to implement the Rejection Procedures are appropriate in these chapter 11 cases and are

well within the Court's equitable powers under section 105 of the Bankruptcy Code.

15.      Courts in this district and others have granted similar relief as that requested in this

Motion.  *See, e.g., In re Le Tote, Inc.*, No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 28, 2020)

(approving procedures to assume or reject executory contracts and unexpired leases); *In re Pier 1

Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 19, 2020) (approving procedures to

assume or reject executory contracts and unexpired leases); *In re Gemstone Solutions Group, Inc.*,

No. 19-30258 (KLP) (Bankr. E.D. Va. Feb. 20, 2019) (approving expedited procedures for the

rejection of unexpired leases); *In re Destination Maternity Corporation*, No. 19-12256 (BLS)

(Bankr. D. Del. Nov. 20, 2019) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr.

S.D.N.Y. Oct. 28, 2019) (approving procedures to reject executory contracts and unexpired leases); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Dec. 8, 2017) (approving procedures for rejection and assumption of executory contracts and unexpired leases).

## II.    Abandonment of the Debtors' Personal Property is Proper Pursuant to Section 554(a).

16.    With respect to the Debtors' request for authority to abandon personal property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) of the Bankruptcy Code provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Before authorizing abandonment of property, a bankruptcy court must find that either (a) the property is burdensome to the estate or (b) the property is both of inconsequential value and inconsequential benefit to the estate. *See In re Pilz Compact Disc, Inc.*, 229 B.R. 630 (Bankr. E.D. Pa. 1999); *see also Matter of Boogaard*, 89 B.R. 397, 307 (Bankr. D. Del. 1988); *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986). The personal property proposed to be abandoned in connection with any future rejections of real property leases would primarily consist of fixtures, furniture, advertising displays, and other office and store equipment that is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

## III.    The Rejection Procedures Satisfy Due Process.

17.    The Debtors' counterparties to the Contracts and Leases will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject their respective Contract or Lease as of the effective date of such rejection. *See e.g., In re Mid Region Petrol., Inc.*, 111 B.R. 968, 970

(Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating in an unequivocal matter its intention to reject).   Additionally, in the case of unexpired leases of nonresidential real property, the Debtors will likely vacate the premises before the proposed rejection date, thereby allowing the counterparties to take possession of the property.  *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (holding bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to re-lease the premises); *In re New Valley Corp.*, No. 98-982, 2000 WL 1251858, at 15–16 (D.N.J. Aug. 31, 2000) (holding that bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

18.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."  Fed. R. Bankr. P. 6006(a).  Bankruptcy Rule 9014 provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).   The notice and hearing requirements for contested matters in Bankruptcy Rule 9014 are satisfied if appropriate notice and

an opportunity for hearing are given *in light of the particular circumstances*. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances…").

19.    Pursuant to Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). *See* Fed. R. Bankr. P. 6006(f). Bankruptcy Rule 6006(f) sets forth six procedural requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

1)    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

2)    list parties alphabetically and identify the corresponding contract or lease;

3)    specify the terms, including the curing of defaults, for each requested assumption or assignment;

4)    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

5)    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

6)    be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

20.    The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts and Leases. Counterparties must be able to locate their Contracts or Leases and readily determine whether their Contracts or Leases are being rejected.

21.    The Rejection Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract/lease limit set forth in subsection (6) thereof. Further, given the substantial number of

Contracts the Debtors may be seeking to reject, obtaining Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court and would result in costs to the Debtors' estates that may decrease the economic benefits of rejection.

22.    In accordance with Bankruptcy Rule 6007(a), the Debtors will provide parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

23.    As a result, the Rejection Procedures afford Contract and Lease counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard.  Moreover, court oversight is maintained in the event of an objection.  For the foregoing reasons, the Rejection Procedures should be approved, and the Debtors should be authorized to reject the Contracts and Leases consistent with the terms of such procedures.

## **Waiver of Memorandum of Points and Authorities**

24.    The Debtors also respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## **Reservation of Rights**

25.    Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume,

adopt, or reject any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Notice

26.      The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to: (a) the United States Trustee for the Eastern District of Virginia; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition first and second lien secured term loans and counsel thereto; (d) MidCap Financial Trust and counsel thereto; (e) Victory Park Management, LLC and counsel thereto; (f) the United States Attorney's Office for the Eastern District of Virginia; (g) the Internal Revenue Service; (h) the Office of the Attorney General for the states in which the Debtors operate; (i) the National Association of Attorneys General; (j) the Landlords; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

27.      No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order

granting the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Richmond, Virginia
Dated: March 2, 2021


*/s/ Christopher A. Jones*

| | |
|---|---|
| Christopher A. Jones (VSB# 40064) | John C. Longmire (*pro hac vice* admission pending) |
| David W. Gaffey (VSB# 85088) | Matthew A. Feldman (*pro hac vice* admission pending) |
| Jae Won Ha (VSB# 94781) | James H. Burbage (*pro hac vice* admission pending) |
| **WHITEFORD TAYLOR & PRESTON LLP** | **WILLKIE FARR & GALLAGHER LLP** |
| Two James Center | 787 Seventh Avenue |
| 1021 E. Cary Street, Suite 1700 | New York, NY 10019 |
| Richmond, VA 23219 | |
| Telephone:        (804) 977-3300 | Telephone:        (212) 728-8000 |
| Facsimile:        (804) 977-3299 | Facsimile:        (212) 728-8111 |

*Proposed Co-Counsel to the Debtors*          *Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*                          *and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

John C. Longmire (*pro hac vice* admission pending)
Matthew A. Feldman (*pro hac vice* admission pending)
James H. Burbage (*pro hac vice* admission pending)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019

Telephone:      (212) 728-8000
Facsimile:      (212) 728-8111

Christopher A. Jones (VSB# 40064)
David W. Gaffey (VSB# 85088)
Jae Won Ha (VSB# 94781)
**WHITEFORD TAYLOR & PRESTON LLP**
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, VA 23219
Telephone:      (804) 977-3300
Facsimile:      (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC., *et al.*,[1] | ) | Case No. 21-30660 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER (A) ESTABLISHING
## PROCEDURES FOR THE REJECTION OF EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES AND THE ABANDONMENT
## OF RELATED PERSONAL PROPERTY, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-

captioned cases (together, the "Debtors") for entry of an order (this "Order"), pursuant to sections

105(a), 363, 365, and 554 the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local

Bankruptcy Rule 9013-1, (a) authorizing and approving procedures for the rejection of executory

contracts and unexpired lease and the abandonment of related personal property, and (b) granting

related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035).  The Debtors' service
address is 125 South Clark St., Chicago, IL 60603.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Standing Order of Reference from the United States District Court for the Eastern District of*

*Virginia*, dated July 10, 1984; and the requested relief being a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested herein is in the

best interests of the Debtors' estates, their creditors, and other parties in interest; and due and

proper notice of the Motion having been given and the requirements of Bankruptcy Rule 6004(a)

and the Local Bankruptcy Rules having been satisfied by such notice; and no other or further notice

of the Motion being required; and a hearing having been held to consider the relief requested in

the Motion (the "Hearing"); and upon the record of the Hearing; and upon all of the proceedings

had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth in this Order.

2.      The following procedures (the "Rejection Procedures") are approved in connection

with rejecting Contracts and Leases:

a.  **Notice of Rejection**.  The Debtors shall file with the Court a notice in the form attached
    hereto (a "Rejection Notice") to reject any Contract or Lease pursuant to section 365
    of the Bankruptcy Code.  Each Rejection Notice would set forth, among other things:
    (a) the Contracts and/or Leases to be rejected; (b) the names and addresses of the
    counterparties to such Contracts and Leases in alphabetical order; (c) the effective date
    of the rejection for each such Contract or Lease (the "Rejection Date"); (d) for any
    rejected Lease, the personal property to be abandoned, if any (the "Abandoned
    Property"); and (e) the deadlines and procedures for filing objections to the Rejection
    Notice (as set forth below).  A Rejection Notice may list multiple Contracts or Leases,
    provided that the number of counterparties to Contracts or Leases listed on the
    Rejection Notice shall be limited to no more than 100.

b.  **Service of a Rejection Notice**.  The Debtors will effectuate service of the Rejection
    Notice: (a) by overnight delivery (and email, if known) service upon the Contract or
    Lease counterparties affected by the applicable Rejection Notice at the notice address
    provided in the applicable Contract or Lease (and their counsel, if known), and all
    known parties who may have any interest in any Abandoned Property, and (b) by first

class mail, email, or fax upon: (i) the Office of the United States Trustee for the Eastern District of Virginia, Attn.: Kathryn Montgomery and Nicholas S. Herron; (ii) counsel for the DIP Agent; (iii) counsel for any statutory committee appointed in these chapter 11 cases; (iv) the National Association of Attorneys General; (v) the Internal Revenue Service; (vi) the Office of Attorney General for the states in which the Debtors operate, and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Rejection Notice Parties").

c.  **Objection Procedures**.  Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with the Court and actually received by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) days after the date the Debtors serve the applicable Rejection Notice (the "Rejection Objection Deadline"): (a) proposed counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn.: John C. Longmire, Esq. and James H. Burbage, Esq.; (b) proposed co-counsel to the Debtors, Whiteford Taylor & Preston LLP, 1021 E. Cary Street, Suite 1700 Richmond, VA 23219, Attn.: Christopher A. Jones; (c) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219, Attn.: Kathryn Montgomery and Nicholas S. Herron; (d) counsel for the DIP Agent; and (e) counsel for any statutory committee appointed in these chapter 11 cases.

d.  **No Objection**.  If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract or Lease agree, without the need for any additional order of the Court.  The Rejection Date for a rejection of a Lease shall not occur until the later of (a) the Rejection Date set forth in the Rejection Notice and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (i) turning over keys, key codes, and security codes, if any, to the affected landlord, or (ii) notifying the affected landlord in writing that the keys, keys codes, and security codes, if any, are not available, but the Landlord may rekey the leased premises; provided, further, that the Rejection Date for a rejection of a Lease shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.  **Unresolved Objections**.  If an objection to the rejection of any Contract or Lease listed in the applicable Rejection Notice is timely filed, and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than fourteen (14) days' notice to the applicable Contract or Lease counterparty or counterparties to consider the rejection of the Contract or Lease to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of (a) the applicable Rejection Date set forth in the Rejection Notice, (b) such other date as the Debtors and the counterparty or counterparties to such Contract or Lease agree, or (c) such other date as the Court may order.

f.  **No Application of Security Deposits**.  If the Debtors have deposited monies with a Contract or Lease counterparty as a security deposit or other arrangement, such

Contract or Lease counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contract or Lease otherwise agree.

g. **Abandoned Property**. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Lease. Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Following the applicable Rejection Date, landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. **Proofs of Claim**. Claims arising out of the rejection of any Contract or Lease, if any, must be filed on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) 30 days after the later of (i) the Rejection Objection Deadline, if no objection is filed and (ii) the date that all such filed objections have either been overruled or withdrawn. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.      Approval of the Rejection Procedures and this Order does not prevent the Debtors from seeking to reject any Contract or Lease by separate motion.

4.      Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized, but not directed, in their sole discretion, to abandon de minimis assets located at the applicable leased premises as of the applicable Rejection Date, free and clear of any interests of any party, subject to notice of such abandonment being given in accordance with the Rejection Procedures; provided that if the Debtors are abandoning assets which may contain personal or confidential information about the Debtors' employees or customers (the "Confidential Information"), the Debtors shall remove the Confidential Information from such assets before such abandonment, and retain such Confidential Information until further order of the Court. Any landlord or other designee shall be free, notwithstanding the automatic stay, to utilize and/or dispose of the de minimis assets without

-4-

notice or liability to any party and without further notice or order of the Court.  Any personal property of the Debtors remaining at the leased premises after the Rejection Date shall be deemed abandoned as of the Rejection Date, free and clear of all liens, claims, interests, or other encumbrances.

5.      The Debtors may not abandon any toxic or hazardous (as such term is defined in any federal, state or local law, rule, regulation or ordinance) material, if any, at the leased premises, and must remove all such materials from the leased premises designated for rejection on or before any applicable Rejection Date

6.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

7.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Order.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


Dated: _____
Richmond, Virginia                              _____
                                                United States Bankruptcy Judge

WE ASK FOR THIS:

*/s/ Christopher A. Jones*
  Christopher A. Jones (VSB# 40064)
  David W. Gaffey (VSB# 85088)
  Jae Won Ha (VSB# 94781)
  **WHITEFORD TAYLOR & PRESTON LLP**
  Two James Center
  1021 E. Cary Street, Suite 1700
  Richmond, VA 23219
  Telephone:    (804) 977-3300
  Facsimile:    (804) 977-3299

  - and –

  John C. Longmire (*pro hac vice* admission pending)
  Matthew A. Feldman (*pro hac vice* admission pending)
  James H. Burbage (*pro hac vice* admission pending)
  **WILLKIE FARR & GALLAGHER LLP**
  787 Seventh Avenue
  New York, NY 10019
  Telephone:    (212) 728-8000
  Facsimile:    (212) 728-8111

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Christopher A. Jones*

**<u>Exhibit B</u>**

**Rejection Notice**

John C. Longmire (*pro hac vice* admission pending)        Christopher A. Jones (VSB# 40064)
Matthew A. Feldman (*pro hac vice* admission pending)     David W. Gaffey (VSB# 85088)
James H. Burbage (*pro hac vice* admission pending)       Jae Won Ha (VSB# 94781)
**WILLKIE FARR & GALLAGHER LLP**                          **WHITEFORD TAYLOR & PRESTON LLP**
787 Seventh Avenue                                        Two James Center
New York, NY 10019                                        1021 E. Cary Street, Suite 1700
                                                          Richmond, VA 23219
Telephone:        (212) 728-8000                          Telephone:        (804) 977-3300
Facsimile:        (212) 728-8111                          Facsimile:        (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC., *et al.*, [1] | ) | Case No. 21-30660 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF REJECTION OF CERTAIN
## EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on [___], 2021, the United States Bankruptcy Court

for the Eastern District of Virginia (the "Court") entered an order on the motion (the "Motion")[2]

of the debtors and debtors in possession (the "Debtors"), pursuant to Sections 105(a), 363, 365,

and 554 of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Bankruptcy Rule

9013-1 approving expedited procedures for the: (a) rejection of executory contracts and unexpired

leases and the abandonment of related personal property; and (b) granting related relief [Docket

No. ___], (the "Procedures Order") attached hereto as **Schedule 1**.

---

[1] The Debtors in these chapter 11 cases, along with the last four of each Debtor's federal tax identification number, are: Pine Holdings, Inc. 4460 and Paper Source, Inc. 8035.  The Debtors' service address is 125 South Clark St., Chicago, IL 60603.

[2] Capitalized terms used in this Notice and not immediately defined have the meanings given to such terms in the Motion or in the First Day Declaration, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract or Lease set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contract or Leases agree.

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court and is actually received no later than fourteen (14) days after the date that the Debtors served this Notice by the following parties: (a) proposed counsel to the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attn.: John C. Longmire, Esq. and James H. Burbage, Esq.; (b) proposed co-counsel to the Debtors, Whiteford Taylor & Preston LLP, 1021 E. Cary Street, Suite 1700 Richmond, VA 23219, Attn.: Christopher A. Jones; (c) the Office of the United States Trustee for the Eastern District of Virginia, 701 East Broad Street, Suite 4304, Richmond, VA 23219, Attn.: Kathryn Montgomery and Nicholas S. Herron; (d) counsel for the DIP Agent; and (e) counsel for any statutory committee appointed in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract or Lease shall become effective on the Rejection Date set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such Contracts or Leases agree.[3]

---

[3]    An objection to the rejection of any particular Contract or Lease listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract or Lease listed in this Rejection Notice must state with

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any Contract or Lease is timely filed and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contracts or Leases to which such objection relates.  If such objection is overruled or withdrawn, such Contracts or Leases shall be rejected as of the Rejection Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contracts or Leases agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract or Lease counterparty as a security deposit or other arrangement, the Contract or Lease counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts or Leases otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** shall be deemed abandoned as of the Rejection Date.

PLEASE TAKE FURTHER NOTICE that, to the extent you wish to assert a claim(s) with respect to rejection of your Contracts or Leases, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) the date otherwise set forth in the Procedures Order.  **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2)**

---

specificity the Contract or Lease to which it is directed.  For each particular Contract or Lease whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

**VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

[*Remainder of page intentionally left blank*]

Richmond, Virginia
Dated: [_____], 2021

/s/
_____

Christopher A. Jones (VSB# 40064)
David W. Gaffey (VSB# 85088)
Jae Won Ha (VSB# 94781)
**WHITEFORD TAYLOR & PRESTON LLP**
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, VA 23219
Telephone:        (804) 977-3300
Facsimile:        (804) 977-3299

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

John C. Longmire (*pro hac vice* admission pending)
Matthew A. Feldman (*pro hac vice* admission pending)
James H. Burbage (*pro hac vice* admission pending)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019

Telephone:        (212) 728-8000
Facsimile:        (212) 728-8111

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## <u>Schedule 1</u>

**Procedure Order**

**<u>Schedule 2</u>**

**Rejected Contracts and Leases**

| Counterparty | Debtor Counterparty | Description of Contract or Lease[1] | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.