John C. Longmire (*pro hac vice* admission pending)
Matthew A. Feldman (*pro hac vice* admission pending)
James H. Burbage (*pro hac vice* admission pending)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019

Telephone:        (212) 728-8000
Facsimile:        (212) 728-8111

Christopher A. Jones (VSB# 40064)
David W. Gaffey (VSB# 85088)
Jae Won Ha (VSB# 94781)
**WHITEFORD TAYLOR & PRESTON LLP**
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, VA 23219
Telephone:        (804) 977-3300
Facsimile:        (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PAPER SOURCE, INC., *et al.*,[1] | ) | Case No. 21-30660 (KLP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER (A) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (B) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession in the above-captioned cases (together, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"): (a) authorizing the Debtors to establish certain notice, case management, and administrative procedures and (b) granting related relief, and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035).  The Debtors' service address is 125 South Clark St., Chicago, IL 60603.

[2]        Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and due and proper notice of the Motion having been given and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules having been satisfied by such notice; and no other or further notice of the Motion being required; and a hearing having been held to consider the relief requested in the Motion (the "<u>Hearing</u>"); and upon the record of the Hearing; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is granted as set forth herein.

2.    The Case Management Procedures attached as **<u>Exhibit 1</u>** hereto are hereby approved and shall govern all applicable aspects of the chapter 11 cases, including, among other things, establishing the following deadlines:

    a.    <u>Objections</u>.  Unless otherwise ordered by the Court, objections to matters scheduled to be heard at an Omnibus Hearing shall be filed no later than 7 calendar days before the applicable hearing date if the filing is served at least 21 calendar days prior to the applicable hearing date, or 3 calendar days before the applicable hearing date if the filing is served less than 21 calendar days but at least 14 calendar days prior to the applicable hearing date; *provided*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

    b.    <u>Agendas</u>.  The Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing no later than the date that is two calendar days prior to each Omnibus Hearing.

3.    The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

4.      Nothing herein or in the Case Management Procedures shall affect the Debtors' obligations to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and the confirmation of a chapter 11 plan, (f) a proposed sale of assets pursuant to section 363 of the Bankruptcy Code by motion filed with the Court, or (g) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

5.      The form of notice of commencement of the chapter 11 cases, attached hereto as **Exhibit 2**, is hereby approved.  Such notice shall be served on all known creditors by Epiq by first class U.S. mail, postage prepaid, no later than five business days after the date of entry of this Order.

6.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Mar 4 2021

Dated:_____, 2021
Richmond, Virginia

/s/ Keith L Phillips
_____
United States Bankruptcy Judge

Entered On Docket: Mar 4 2021

WE ASK FOR THIS:

*/s/ Christopher A. Jones*
Christopher A. Jones (VSB# 40064)
David W. Gaffey (VSB# 85088)
Jae Won Ha (VSB# 94781)
**WHITEFORD TAYLOR & PRESTON LLP**
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, VA 23219
Telephone:          (804) 977-3300

Facsimile:          (804) 977-3299

- and –

John C. Longmire (*pro hac vice* admission pending)
Matthew A. Feldman (*pro hac vice* admission pending)
James H. Burbage (*pro hac vice* admission pending)
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019
Telephone:          (212) 728-8000

Facsimile:          (212) 728-8111

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing

proposed order has been endorsed by or served upon all necessary parties.

*/s/ Christopher A. Jones*

## <u>Exhibit 1</u>

**Case Management Procedures**

John C. Longmire (*pro hac vice* admission pending)      Christopher A. Jones (VSB# 40064)
Matthew A. Feldman (*pro hac vice* admission pending)     David W. Gaffey (VSB# 85088)
James H. Burbage (*pro hac vice* admission pending)       Jae Won Ha (VSB# 94781)
**WILLKIE FARR & GALLAGHER LLP**                          **WHITEFORD TAYLOR & PRESTON LLP**
787 Seventh Avenue                                        Two James Center
New York, NY 10019                                        1021 E. Cary Street, Suite 1700
                                                          Richmond, VA 23219
Telephone:          (212) 728-8000                        Telephone:          (804) 977-3300
Facsimile:          (212) 728-8111                        Facsimile:          (804) 977-3299

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PAPER SOURCE, INC., *et al.*,[1] | ) | Case No. 21-30660 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

These notice, case management, and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") for the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* entered on March 4, 2021.

Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules")

---

[1]          The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pine Holdings, Inc. (4460) and Paper Source, Inc. (8035).  The Debtors' service address is 125 South Clark St., Chicago, IL 60603.

shall govern all matters in the chapter 11 cases, except to the extent such rules conflict with or are inconsistent with the procedures set forth herein.

I.       **Access to Documents.**

1.       Epiq, the Debtors' proposed notice and claims agent, maintains a case-specific website at https://dm.epiq11.com/PaperSource (the "Case Website"), where, among other things, electronic copies of all pleadings filed in the chapter 11 cases shall be posted as soon as practicable, but not later than three business days after filing and may be viewed free of charge. Additionally, electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at http://www.vaeb.uscourts.gov.   Finally, paper copies of all pleadings filed in the chapter 11 cases may be available from the Court.

I.       **Master Service List and Electronic Mail Service.**

2.       Procedures Established for Notices.   All (a) notices, motions, applications, and other requests for relief, (b) briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and (c) all objections and responses to such Requests for Relief (collectively, the "Objections," and, together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

3.       Definition of Entities Entitled to Service.   All Rule 2002 Court Filings shall be served on the Core Group, the Master Service List, and Affected Entities (each as defined herein and collectively, the "Service List") according to the Notice Procedures.   A Rule 2002 Court Filing is deemed not to have been properly served until served, at a minimum, on all of the parties in the Core Group.

a.     **Core Group**.  The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):

(i)     Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"), 701 East Broad Street, Suite 4304, Richmond, Virginia 23219 (Attn: Kathryn Montgomery, Nicholas Herron);

(ii)     Paper Source, Inc., 125 South Clark Street, Chicago, IL 60603 (Attn: Ronald Kruczynski);

(iii)     proposed co-counsel for the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: John C. Longmire, Matthew A. Feldman, James H. Burbage);

(iv)     proposed co-counsel for the Debtors, Whiteford, Taylor & Preston, LLP, Two James Center, 1021 E. Cary Street, Suite 1700, Richmond, VA  23219 (Attn: Christopher A. Jones, David W. Gaffey, Jae Won Ha);

(v)     counsel for any committee appointed pursuant to section 1102 of the Bankruptcy Code;[1]

(vi)     counsel to the administrative agent under the Debtors' (i) prepetition first lien facility and (ii) debtor-in-possession facility, MidCap Financial Trust, Proskauer Rose LLP, (a) One International Place, Boston, MA 02110, (b) Eleven Times Square, New York, NY 10036 (Attn: Charles A. Dale; David Hillman);

(vii)     counsel to the administrative agent under the Debtors' prepetition second lien term loan facility, Victory Park Management, LLC, Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661 (Attn: Peter A. Siddiqui); and

(viii)     any party that has requested notice pursuant to Bankruptcy Rule 2002.

Updated Core Group lists will be provided on the Case Website from time to time.

b.     **Master Service List**.  This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

(i)     **Filing Requests for Documents Requires Email Address**.  A request for service of papers pursuant to Bankruptcy Rules 2002

---

[1]     Before the appointment of an official committee of unsecured creditors and its counsel, service shall be made upon the holders of the Debtors' 30 largest unsecured claims pursuant to Bankruptcy Rule 1007(d).

(each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with request to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) electronic mail (or email) address.

(ii)   **Certification Opting Out of Email Service**.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii)   **Master Service List**.  The Debtors or Epiq shall be responsible for maintaining an updated list of those that have submitted a proper 2002 Notice Request (the "Master Service List").  It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtors.

c.   **Affected Entities**.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular court filing (each, an "Affected Entity").

4.   At least every 15 days during the first 60 days of the chapter 11 cases, and thereafter at least every 30 days, until confirmation of a proposed chapter 11 plan or conversion of the Debtors' cases to another chapter under the Bankruptcy Code, the Debtors or Epiq shall maintain and update the Master Service List by: (a) making any additions and deletions; (b) serving the updated Master Service List on the parties listed thereon; (c) filing a proof of service; and (d) simultaneously with the filing of the Master Service List, posting an updated version of the Master Service List on the Case Website.

5.   **Waiver of Memorandum of Points and Authorities**.  Notwithstanding Local Bankruptcy Rule 9013-1(G), motions filed without a separate memorandum of points and

authorities shall be deemed to include a request for a waiver of a separate memorandum or deemed a single memorandum and motion as allowed by Local Bankruptcy Rule 9013-1(G).

6.    **Service of Motions**.   With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a) (2)–(6), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the appropriate Service List by email or by paper copy if an exemption is granted, and in accordance with the following procedures, unless otherwise ordered by the Court:

a.    in the case of abandonment of property, on each entity asserting an interest in that property;

b.    in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

c.    in the case of a motion relating to the use of cash collateral or obtaining credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d.    in the case of the use, sale, or lease of substantially all of the Debtors' property pursuant to section 363 of the Bankruptcy Code, on all creditors, parties in interest and, where applicable, equity security holders;

e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.    in the case of a motion under Bankruptcy Rule 9019, on all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

g.    any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity that filed such document; and

h.    all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

7.      Except as set forth herein or otherwise provided by order of the Court, the Notice

Procedures shall not apply to notices of the matters or proceedings described in the following

Bankruptcy Rules:

a.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.      Bankruptcy Rule 2002(a)(2) (a proposed use, sale, or lease of substantially all of the Debtors' property pursuant to section 363 of the Bankruptcy Code);

c.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

d.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

e.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

f.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

g.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

h.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

i.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

j.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

k.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

l.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

8.      **<u>Notice a Matter for Hearing</u>**.  Parties should consult Local Bankruptcy Rule

9013-1(M)    regarding    the    form    and    content    of    notices    and    visit

<u>https://www.vaeb.uscourts.gov/wordpress/?page_id=690</u> for sample notices.

9.      **Certificates of Service**.  Notwithstanding Local Bankruptcy Rule 5005-1(C)(8), certificates of service of all Rule 2002 Court Filings, including a Service List, shall be filed by the party seeking relief with the Court within seven days of the completion of noticing any particular matter; provided, however, that parties shall not be required to include the Service List when serving the certificate of service to such recipients.

10.      **Serving Adversary Proceedings**.  All pleadings and other Court filings in any adversary proceeding commenced in the chapter 11 cases shall be served upon the Core Group, each Affected Entity, and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

**I.      Service by Electronic Mail.**

11.      **Service by Electronic Mail**.  All Rule 2002 Court Filings shall be electronically served on the Court's electronic filing system, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions set forth herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers, in accordance with "CM/ECF Policy 9 - Service of Documents" of the Case Management/Electronic Case Files Policy ("CM/ECF Policy").  A party filing a Rule 2002 Court Filing that is served on entities via the Court's electronic filing system has no further obligation for service of such Rule 2002 Court Filing with respect to such entities to be proper.

12.      If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days specifically requesting an email address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the Master Service List and

shall not be served with copies of pleadings and documents filed in the chapter 11 cases unless such pleadings and/or documents directly affect such party.

13.     The filing deadlines do not require three additional days' notice as set forth in Rule 6(d) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) when a document is served by electronic or overnight mail, including service, via the Court's electronic filing system.

14.     **<u>Identification of Attorney</u>**.  As set forth in Local Bankruptcy Rule 5005-1(C)(5), on the first page of every Rule 2002 Court Filing, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number, and the name of the party whom the attorney represents.

**I.     Omnibus Hearing Dates.**

15.     **<u>First Omnibus Hearings</u>**.  Periodic omnibus hearings will occur as may be scheduled by the Court (the "<u>Omnibus Hearings</u>").  The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings:

    a.     March 25, 2021, at 1:00 p.m.;

    b.     April 13, 2021, at 1:00 p.m.; and

    c.     May 13, 2021, at 1:00 p.m.

16.     **<u>Future Omnibus Hearings</u>**.  Throughout the chapter 11 cases, the Debtors shall periodically request that future Omnibus Hearings be scheduled as necessary.  The Debtors, in consultation with the U.S. Trustee, shall send notices of the Omnibus Hearings to the Core Group and Master Service List when the Omnibus Hearings are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file notices of additional Omnibus Hearing dates on a periodic basis with the Court.  For information concerning future Omnibus Hearings that have

been scheduled by the Court, entities may visit the Case Website, or contact the Clerk of the

Court at 701 Broad Street, Suite 4000, Richmond, Virginia 23219 or by visiting

www.vaeb.uscourts.gov.

17.      All Requests for Relief, Objections, and all other matters requiring a hearing in

the chapter 11 cases shall be set forth and be heard at an Omnibus Hearing unless otherwise

ordered by the Court for good cause shown.  All Requests for Relief and Objections thereto and

all other matters will be considered or heard only at Omnibus Hearings, unless the Court orders

otherwise, in accordance with the following:

     a.      In the event that a party files a Request for Relief at least 21 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing and the deadline to file an Objection to such Request for Relief shall be seven calendar days prior to the Omnibus Hearing; provided, however, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

     b.      In the event that a party files a Request for Relief less than 21 calendar days but at least 14 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing and the deadline to file an Objection to such Request for Relief shall be three calendar days prior to the Omnibus Hearing; provided, however, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

     c.      In the event that a party files a Request for Relief less than 14 calendar days prior to the next scheduled Omnibus Hearing, unless the Court orders otherwise, the matter shall be set for a date other than the next Omnibus Hearing date in accordance with paragraphs (a) and (b) herein.

     d.      Notwithstanding any procedure herein, nothing herein shall restrict any entity from requesting an emergency hearing pursuant to the Local Bankruptcy Rules.

18.      **Procedures Regarding the Omnibus Hearings**.  The following procedures will

apply unless the Court orders otherwise:

a.      Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

b.      Any notice of an Omnibus Hearing shall conspicuously contain the date and time that the hearing will be held in the event that an Objection is filed in accordance with the applicable rules, including whether the hearing is to be held by Zoom.gov or such other remote access procedures utilized by the Bankruptcy Court, until such procedures are no longer in effect.

c.      Deadlines for responding to a Request for Relief shall be governed by these Case Management Procedures and the Local Bankruptcy Rules, except to the extent the Local Bankruptcy Rules conflict with these Case Management Procedures, in which case the Case Management Procedures shall govern.  A reply to any responsive pleading must be received no later than 12:00 p.m. (prevailing Eastern Time) on the date that is one business day before the applicable hearing date.

d.      Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

e.      If a party intends to present an order at the Omnibus Hearing different from the order attached to the motion, the Debtors' counsel, to the extent known, shall state on the hearing agenda above that a different order will be presented for entry or file such proposed order with Court in advance of the Omnibus Hearing.

f.      Notwithstanding Local Bankruptcy Rule 9013-1(J), the Debtors' counsel may, without leave of the Court and, unless upon the objection of another non-Debtor party, the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing.  If a matter is adjourned, the Debtors' counsel shall update the hearing agenda accordingly.

g.      For the avoidance of doubt, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

h.      Upon request, the Court may allow counsel to participate in any hearing by telephone.

i.      With the consent of the Court, the Debtors may delay the start time of any previously scheduled Omnibus Hearing to accommodate potential resolution of any matters scheduled for such Omnibus Hearing.

19. **Proposed Omnibus Hearing Agenda**.   The Debtors shall prepare Omnibus Hearing agendas in accordance with the following:

   a.   No later than two calendar days prior to each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard on such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda is for the convenience of the Court and counsel and is not determinative of the matters to be heard on that day or whether there will be a settlement or a continuance.

   b.   The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel: (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; (v) a suggestion for the order in which the matters should be addressed; and (vi) instructions for attending the hearing by Zoom.gov or other remote access procedures utilized by the Bankruptcy Court until such procedures are no longer in effect.

20. **Granting the Request for Relief Without a Hearing Where No Objection(s) Filed**.   Provided that the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is made, after the Objection deadline has passed, and no Objection has been filed or served in accordance with the procedures set forth herein, counsel to the entity that has filed the Request for Relief may file a certification indicating that no Objection has been filed or served on the entity who has filed the Request for Relief and submit an order granting the relief requested (a "CNO").   Any CNO that includes a proposed form of order that varies from the original proposed order must include (a) a redline of the revised form of order against the order filed with the subject motion and (b) a clean copy of the form of order.   Once the order is entered, the hearing scheduled on the motion is cancelled.

21. **Granting the Request for Relief Without a Hearing Where Objection(s) Filed**.   Provided that the notice filed with the Request for Relief includes a statement that the

Request for Relief may be granted and an order entered without a hearing unless a timely

Objection is made, after the Objection deadline has passed, timely filed and served Objection(s)

to a Request for Relief may be resolved by filing an agreed form of order filed with a Certificate

of Counsel ("COC").   The COC must be signed by counsel with a certification that all known

objections have been resolved by the agreed form of order.   A COC should not be filed if it

resolves less than all filed objections.   Any COC that includes a proposed form of order that

varies from the original proposed order must include (a) a redline of the revised form of order

against the order filed with the subject motion and (b) a clean copy of the form of order.   Once

the order is entered, the hearing scheduled on the motion is cancelled.

22.   **List**.   Notwithstanding Local Bankruptcy Rule 9022-1(B), a proponent of a

Request for Relief shall serve an order granting such relief on the Core Group and Master

Service List no later than five business days after such order was entered and no service list need

be submitted with the proposed order.

**I.   Foreign Attorneys.**

23.   All attorneys shall carefully review the Local Bankruptcy Rules and, in particular,

Local Bankruptcy Rule 2090-1 regarding the procedure for appearing and practicing before the

Court, which is available on the Court's website at https://www.vaeb.uscourts.gov/wordpress/?

wpfb dl=793.

24.   Pursuant to Local Bankruptcy Rule 2090-1(E)(3), attorneys from other states and

the District of Columbia (each, a "Foreign Attorney") may appear and practice in the chapter 11

cases upon the motion of a member of the bar of the Court, which authorization shall extend to

any adversary proceedings filed in connection with the cases; provided, that in all appearances, a

Foreign Attorney must be accompanied by a member of the bar of the Court.   Further, the

Eastern District of Virginia does not allow Foreign Attorneys to electronically file pleadings on

CM/ECF, but does allow Foreign Attorneys to register to become limited participants on its system by following the procedures set forth in the administrative procedures for CM/ECF cases. Any government attorney shall appear and practice in the chapter 11 cases pursuant to Local Bankruptcy Rule 2090-1(E)(4).

**I.    Motions for Relief from the Automatic Stay.**

25.    The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in full force and effect until the conclusion of the preliminary hearing.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

**I.    Evidentiary Hearings.**

26.    Pursuant to Bankruptcy Rule 9014 and in compliance with Local Bankruptcy Rule 9014-1, in the event that a timely Objection is made to a Request for Relief (each, a "Contested Matter"), the hearing on such a Contested Matter shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing, in which case, to the extent known by the Debtors' counsel, the Proposed Hearing Agenda shall state as such; provided, however, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

27.    With respect to a timely filed Objection to a Request for Relief and unless otherwise agreed to by the parties, such opposing party must contemporaneously notify the

adverse party that it intends to introduce evidence or witnesses at the hearing on the Request for Relief that is the subject of the Objection.  In addition to specifying whether such party intends to introduce evidence or witnesses at the hearing on the Objection, the party must also submit to the adverse party, contemporaneously with the filing of the Objection, proposed deadlines for the parties to identify, with reasonable particularity, and serve on the adverse party, its proposed evidentiary exhibits and witnesses in a written disclosure (each, a "Disclosure"), which Disclosures shall be served only on the adverse party.  Such notices must be received by the adverse party, in writing, immediately upon the filing of such Objection and in any event, no later than three calendar days prior to the scheduled hearing (unless such matter is scheduled on an expedited basis, in which case the parties shall cooperate to exchange the appropriate information as quickly as is feasible).  Failure to provide timely notices as set forth in this paragraph, in the discretion of the Court, may result in the exclusion of such evidence.  In the event the parties cannot reach an agreement regarding deadlines for Disclosure, either party may seek appropriate relief from the Court.

28.    Upon reasonable request, the parties subject to a Contested Matter shall provide copies of all proposed evidentiary exhibits and make all witnesses available for deposition at the expense of the requesting party and within a time period to reasonably facilitate conducting the evidentiary hearing as scheduled.

29.    Parties shall comply with the Court's *Instructions for Preparing Exhibit List and Pre-Marking Exhibits*, available at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=250.

30.    Any party subject to a Contested Matter that fails to identify its evidentiary exhibits or witnesses as provided herein may be precluded, at the Court's discretion, from

presenting such evidentiary exhibits or witnesses at the hearing on the matter or, alternatively, the hearing shall be adjourned.

31.     Nothing contained herein shall preclude any party from presenting proffers in connection with uncontested matters or agreeing with an opposing party to present proffers in any Contested Matter or otherwise stipulating certain facts or documents into evidence.

## Exhibit 2

**Notice of Commencement**

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor <u>In re Paper Source, Inc.</u><br>Name | | EIN <u>36-3238035</u> | |
| United States Bankruptcy Court for the: <u>Eastern</u> District of <u>Virginia</u><br>(State) | | Date case filed for chapter 11 <u>03/02/2021</u><br>MM / DD / YYYY | |
| Case number: <u>21-30660</u> | | | |

## Official Form 309F1 (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                        10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

---

> **All documents filed in these cases can be viewed and/or obtained from the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/PaperSource, by calling 866-225-1105 (U.S. and Canada) or 503-520-4491 (International) or by emailing papersourceinfo@epiqglobal.com.**

1.   **Debtor's full name: See Chart Below**

2.   **All others names used in the last 8 years: Waste Not Paper**

3.   **Address:**

| | | | |
|---|---|---|---|
| Paper Source, Inc. | 125 South Clark Street<br>Chicago, Illinois 60603 | 21-30660 | 36-3238035 |
| Pine Holdings, Inc. | 125 South Clark Street<br>Chicago, Illinois 60603 | 21-30661 | 38-3914460 |

4.   **Debtors' Attorney**

John C. Longmire (*pro hac vice* admission pending)                     Christopher A. Jones (VSB# 40064)
Matthew A. Feldman (*pro hac vice* admission pending)              David W. Gaffey (VSB# 85088)
James H. Burbage (*pro hac vice* admission pending)                  Jae Won Ha (VSB# 94781)
**WILLKIE FARR & GALLAGHER LLP**                                              **WHITEFORD TAYLOR & PRESTON LLP**
787 Seventh Avenue                                                                            Two James Center
New York, NY 10019                                                                            1021 E. Cary Street, Suite 1700

Debtor    In re Paper Source, Inc.    Case number *(if known)* 21-30660

Richmond, VA 23219

| | | |
|---|---|---|
| Telephone: | (212) 728-8000 | Telephone: | (804) 977-3300 |
| Facsimile: | (212) 728-8111 | Facsimile: | (804) 977-3299 |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**5.**

| **Bankruptcy Clerk's Office** | **United States Bankruptcy Court** | **Hours open:** |
|---|---|---|
| Documents in this case may be filed at this address. | **701 East Broad Street** | **Monday – Friday** |
| | **Suite 4000** | **9:00 A.M. – 4:00 P.M. (EST)** |
| You may inspect all records filed in this case at this office or online at www.pacer.gov or https://dm.epiq11.com/PaperSource | **Richmond, Virginia 23219** | **Contact Phone: (804) 916-2400** |

**6.**

| **Meeting of creditors (if any)** | **Time and Date: To Be Determined** | **Location (Telephonic):** |
|---|---|---|
| The debtor's representative must attend the meeting to be questioned under oath. | The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | **Local: (203) 480-2348 or Toll-Free: (877) 989-1106** |
| Creditors may attend, but are not required to do so. | | **Participate Code: 250 6551#** |

**7. Proof of Claim Deadline**

You may file your claim by mail, overnight courier or hand delivery to:

**Deadline for filing proof of claim:  Not yet set.  If a deadline is set, notice will be sent at a later time.**

**If by First Class Mail:**

Paper Source, Inc. Claims Processing Center.

c/o Epiq Corporate Restructuring, LLC

P.O. Box 4419

Beaverton, OR 97076-4419

**If by Hand Delivery or Overnight Mail:**

Paper Source, Inc. Claims Processing Center

c/o Epiq Corporate Restructuring, LLC

10300 SW Allen Blvd.

Beaverton, OR 97005

Or you may filed your claim electronically with the claims agent at the following website:

A proof of claim is a signed statement describing a creditor's claim.  A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

- o    Your claim is designated as *disputed, contingent, or unliquidated*;
- o    You file a proof of claim in a different amount; or
- o    You receive another notice

If your claim is not scheduled or if your claim is designated as *disputed, contingent, or unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan.  You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.  Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

**https://dm.epiq11.com/PaperSource**

**8. Exception to discharge deadline**

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A).

**Deadline for filing the complaint: To Be Determined.**

**9. Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

Debtor      In re Paper Source, Inc.                                     Case number *(if known)* 21-30660

**10.  Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan.  A plan is not effective unless the court confirms it.  You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan.  You will receive notice of the date of the confirmation hearing, an you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

**11.  Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.